UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-CV-23745-SCOLA/GOODMAN

ELIEZER TAVERAS,

        Plaintiff,

v.

FLORIDA DEPARTMENT OF
TRANSPORTATION, et al.,

        Defendants.
_____/

**ORDER STRIKING PLAINTIFF'S NOTICE AS AN UNAUTHORIZED FILING**

*Pro se* Plaintiff Eliezer Taveras ("Plaintiff") filed Plaintiff [sic] Notice [ECF No. 53 ("Plaintiff's Notice")]. United States District Judge Robert N. Scola, Jr. referred this case to the Undersigned "for a ruling on all pre-trial, non-dispositive matters and for a report and recommendation on any dispositive matters, consistent with 28 U.S.C. § 636 and Local Magistrate Judge Rule 1." [ECF No. 34]. For the reasons discussed below, the Undersigned **strikes**, as an unauthorized filing, Plaintiff's Notice (which is actually a *de facto* memorandum, albeit without legal citations).

I.    **Background**

The Undersigned issued an Omnibus Order which, among other things, granted *by default* Plaintiff leave to file a second amended complaint ("SAC"). [ECF No. 44]. The

Order further directed Plaintiff to "file the SAC, in substantially the same manner as attached to his motion for leave, [ECF No. 31-1], by no later than Friday, August 4, 2023." *Id.* at 6 (emphasis omitted).

The day before the SAC was due to be filed, Plaintiff filed a motion [ECF No. 45], seeking to change, amend, or modify the Court's Omnibus Order [ECF No. 44], so that Plaintiff could file an *amended* version of the earlier-filed proposed SAC.

The Undersigned set a shortened briefing schedule: "PAPERLESS ORDER setting shortened briefing schedule on [45] Plaintiff's MOTION to Change, Amend, or Modify [44] Order, by Eliezer Taveras. Defendants will file a response by no later than Thursday, August 10, 2023. **Plaintiff may file an optional reply by Thursday August 17, 2023**." [ECF No. 47 (emphasis added)].

Both sets of Defendants -- Florida Department of Transportation ("FDOT") and FDOT Secretary Jared Perdue and Alpine Towing, Inc. and Larry J. Saravia -- filed timely responses in opposition. [ECF Nos. 48–49]. But Plaintiff did not file an optional reply.

On August 21, 2023, the Undersigned issued an Order [ECF No. 50] denying Plaintiff's Motion to Change, Amend, or Modify Court Order [ECF No. 45] and providing Plaintiff until "Thursday, August 31, 2023 to file the proposed SAC [ECF No. 31-1] as a new and separate submission on the docket." [ECF No. 50 (emphasis omitted)].

The following day, Plaintiff filed the instant Notice [ECF No. 53], the Second Amended Complaint for Violation of Civil Rights and Demand for Jury Trial [ECF No.

2

54], and Plaintiff [sic] Motion to Disqualify Attorneys Robert P. Elson and David S. Willig [ECF No. 55].

## II.  DISCUSSION

"'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). At the same time, "even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

As noted above, the Undersigned denied Plaintiff's Motion to Change, Amend, or Modify Court Order. [ECF Nos. 45; 50]. *After* the Undersigned issued this Order [ECF No. 50], Plaintiff filed his Notice, which states, in part:

> Defendants filed a **response** to the Motion to Modify, alleging, inter alia, that Plaintiff had failed to incorporate a memorandum of law. **It was the desire of Plaintiff to file an Amended Motion to Modify** long before this day; nevertheless, Plaintiff was out of [sic] country, mailing the documentation would take several days before reaching the Court, and Plaintiff lacks CM/ECF filing privilege; otherwise, he had previously filed the documentation that is being sent, via UPS, in this day. In fact, Plaintiff has asked this Court for authorization to be able to file through CM/ECF, however, this Court has denied Plaintiff's petition several times, putting Plaintiff at risk of missing deadlines.
>
> **This notice is being given to this Court and opposing parties to inform that there was not an undue "delay" in mailing the documentation**

3

> **(Amended Motion Amend, or Modify, Motion to Disqualify Counsel, etc.**).

[ECF No. 53, p. 2 (emphasis added)].

The Undersigned notes that Plaintiff filed his notice *after* the Court ruled on his motion. Therefore, this notice serves no function. At the time Plaintiff filed his notice, there was no pending motion before the Court. Moreover, Plaintiff could have filed an optional reply, where he could have properly addressed any issues raised in Defendants' responses in opposition. *See Heartland Pharmacy, Inc. v. Rosen*, No. 21-14037-CV, 2021 WL 650350, at *4 n.5 (S.D. Fla. Feb. 18, 2021) ("As a general matter, . . . replies should be confined to the issues framed by the motion **and response**[.]" (emphasis added)).

The Undersigned set a shortened briefing schedule which stated, in part: "Plaintiff may file an optional reply by Thursday August 17, 2023." [ECF No. 47]. Plaintiff did not file a reply, which he was permitted to do. The reply was "optional," as noted in the Undersigned's Order [ECF No. 47]. Plaintiff also did not move the Court for additional time to file his optional reply. Thus, having chosen not to file a reply (and not requesting additional time), Plaintiff cannot *now* circumvent the Court-ordered briefing schedule by filing a notice which is tantamount to a reply (in that it seeks to address an issue raised in Defendants' response in opposition to Plaintiff's then-pending motion.).

The deadline to file a reply has passed and the Court has already ruled on Plaintiff's Motion to Change, Amend, or Modify Court Order [ECF Nos. 45; 50]. Because Plaintiff's Notice is an unauthorized filing, the Undersigned **strikes** it.

**III.     Conclusion**

For the reasons stated above, the Undersigned **strikes** Plaintiff's Notice [ECF No. 53].

**DONE AND ORDERED** in Chambers, in Miami, Florida, on August 23, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record