UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-CV-23745-SCOLA/GOODMAN

ELIEZER TAVERAS,

    Plaintiff,

v.

FLORIDA DEPARTMENT OF
TRANSPORTATION, et al.,

    Defendants.

_____/

### ORDER STRIKING PLAINTIFF'S MOTION TO DISQUALIFY ATTORNEYS FOR FAILURE TO INCLUDE A CONFERRAL CERTIFICATION

*Pro se* Plaintiff Eliezer Taveras ("Plaintiff") [1] filed Plaintiff [sic] Motion to Disqualify Attorneys Robert P. Elson and David S. Willig [ECF No. 55]. United States District Judge Robert N. Scola, Jr. referred this case to the Undersigned "for a ruling on all pre-trial, non-dispositive matters and for a report and recommendation on any dispositive matters, consistent with 28 U.S.C. § 636 and Local Magistrate Judge Rule 1." [ECF No. 34]. For the reasons stated herein, the Undersigned **strikes** Plaintiff [sic] Motion

---

[1] "'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Liberal construction, however, does not mean that a court may "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

to Disqualify Attorneys Robert P. Elson and David S. Willig [ECF No. 55] for failure to comply with Local Rule 7.1(a)(3)'s pre-filing conferral certification.

I.  Discussion

With certain inapplicable exceptions, Local Rule 7.1(a)(3) states that:

> **counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion**. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. **At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, <u>which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort)</u>, but has been unable to do so**. If certain of the issues have been resolved by agreement, the certification shall specify the issues so resolved and the issues remaining unresolved. **Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee**.

S.D. Fla. L.R. 7.1(a)(3) (emphasis added).

Local Rule 1.1 states that "[w]hen used in these Local Rules, the word "counsel" shall be construed to **apply to a party if that party is proceeding pro se**." S.D. Fla. L.R. 1.1. Therefore, Local Rule 7.1(a)(3) applies to Plaintiff.

In the body of the instant motion, Plaintiff even acknowledges his conferral obligation, when discussing his earlier-filed August 3, 2023 Motion to Change, Amend, or Modify Court Order:

> On August 2, 2023, Plaintiff had planned to file a motion, asking this Court to amend or modify this Court's order [ECF 44]. **In compliance with this Court Rule 7.1(a)(3), in good faith, Plaintiff consulted the attorneys to see if they would oppose the motion**.
>
> Continuing with the threatening behavior, the attorneys replied threatening Plaintiff that they would be seeking sanctions against him, trying to intimidate him and impede him from seeking relief. *See* Exhibit "1" attached hereto and incorporated by reference.

[ECF No. 55, p. 3 (emphasis added)].

The Undersigned notes that this is not the first time Plaintiff has run afoul of Local Rule 7.1(a)(3)'s conferral requirement. Judge Scola has already warned Plaintiff that he must comply with his conferral obligation:

> PAPERLESS ORDER: The Court grants [26] [27] [ ] Plaintiff's motions for extensions of time to respond to Defendant Lourdes Gomes, Alpine Towing Inc., and Larry J. Saravia's [19] [20] motions to dismiss. [ ] Plaintiff must file his responses to those motions on or before February 3, 2023. [ ] **Plaintiff, however, is cautioned that simply sending an email and awaiting a response does not amount to a good faith effort to confer under Local Rule 7.1(a)(3). Going forward, [ ] Plaintiff is forewarned that his failure to comply with the Local Rules may be grounds for the Court to deny his request for future relief**.

[ECF No. 28 (emphasis added)].

Compliance with the Local Rules is mandatory. *See Andreu v. Hewlett–Packard Co.*, No. 15-23270-CIV, 2016 WL 1697088, at *4 (S.D. Fla. Apr. 20, 2016), report and

recommendation adopted in [ECF No. 92] ("Neither the Federal Rules of Civil Procedure nor the Local Rules are aspirational."). "[A] valid local rule has the force of law." *Cheshire v. Bank of Am., NA*, 351 F. App'x 386, 388 (11th Cir. 2009) (citing *Weil v. Neary*, 278 U.S. 160, 169 (1929)). Non-compliance with Local Rule 7.1(a)(3) is grounds for denying the motion. *See Starship 1, LLC v. Sky Support, LLC*, No. 22-20090-CIV, 2023 WL 5231807, at *1 (S.D. Fla. June 14, 2023) ("[The] complete disregard of Local Rule 7.1(a)(3)'s requirements warrants denial of the [p]laintiff's motion[.]"); *Audalus v. Scottsdale Ins. Co.*, 566 F. Supp. 3d 1318, 1320 n.1 (S.D. Fla. 2021) ("[The] [p]laintiffs' inadequate good-faith certification is an independent basis for denying this [a]mended [m]otion.").

Local Rule 7.1(a)(3) serves an important function. The purpose of the rule is to ensure judicial economy, prevent courts from wasting time evaluating issues the parties might be in agreement on, inform the Court as to whether it need wait for a response from the opposing party before deciding the motion, and, importantly, force the parties to engage in the meaningful exchange of information and viewpoints. *See, e.g., Aguilar v. United Floor Crew, Inc.*, No. 14-CIV-61605, 2014 WL 6751663, at *1 (S.D. Fla. Dec. 1, 2014) (Bloom, J.); *see also Osio v. Moros*, No. 21-20706-CIV, 2023 WL 4531264, at *2 (S.D. Fla. July 13, 2023) ("The conferral requirement of Local Rule 7.1(a)(3) is meant to preserve the Court's and the parties' limited resources by ensuring that a prospective movant resolves a potential issue without engaging in unnecessary motion practice.").

Because Plaintiff's motion fails to include a Local Rule 7.1(a)(3) certification, the

Undersigned **strikes** it.

## II.     Conclusion

For the reasons stated above, the Undersigned **strikes** Plaintiff [sic] Motion to Disqualify Attorneys Robert P. Elson and David S. Willig [ECF No. 55]. Any re-filed motion must include a *proper* Local Rule 7.1(a)(3) conferral certification.

The Undersigned further notes that Plaintiff's motion refers to an "Exhibit '1'" [ECF No. 55, p. 3], which was not included in his filing. In the future, Plaintiff should ensure that referenced exhibits are included in his filings.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on August 23, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record