**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 22-CV-23745-SCOLA/GOODMAN**

ELIEZER TAVERAS,

        Plaintiff,

v.

FLORIDA DEPARTMENT OF
TRANSPORTATION, et al.,

        Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S**
**OPPOSED MOTION FOR EXTENSION OF TIME**

Eliezer Taveras ("Taveras" or "Plaintiff") filed Plaintiff's Motion to Respond to

Alpine's Request for Admissions Out of Time and for Extension of Time to Respond to

Request[s] for Production [ECF No. 80]. Plaintiff seeks leave to serve out-of-time answers

to Request for Admissions (or, in the alternative, to amend admissions deemed admitted)

and for a ten-day extension to respond to Requests for Production. *Id.* At the

Undersigned's direction [ECF No. 81], Defendants Alpine Towing, Inc. and Larry J.

Saravia (collectively, "Alpine") filed a response in opposition. [ECF No. 82]. The

Undersigned did not permit a reply.[1]

---

[1]     In this instance, the Court exercised its discretion and did not strike Plaintiff's
discovery motion [ECF No. 80]. Instead, it directed Defendant to file a written response.

Senior United States District Judge Robert N. Scola, Jr. referred this case to the Undersigned "for a ruling on all pre-trial, non-dispositive matters and for a report and recommendation on any dispositive matters, consistent with 28 U.S.C. § 636 and Local Magistrate Judge Rule 1." [ECF No. 34].

## I.    Background

On September 25, 2023, Alpine served its First Request for Admissions and First Requests for Production on Plaintiff. [ECF No. 80, p. 2]. Under the Federal Rules of Civil Procedure, Plaintiff's answers and responses were due by October 25, 2023. Plaintiff did not serve his answers to the Request for Admissions until November 7, 2023 [ECF No. 82-2], well outside the 30-day window. Two days later, Plaintiff filed the instant motion seeking, among other things, leave to serve out-of-time answers to the Request for Admissions and for a 10-day extension of time to respond to the Requests for Production. [ECF No. 80].[2]

---

[ECF No. 82]. However, the parties are reminded that the Court's Discovery Procedures Order [ECF No. 6] prohibits the filing of written discovery motions and any discovery disputes must be set for hearing in accordance with the procedures set forth therein.

[2]      Plaintiff notes that "[n]o notice of service for the Requests for Admission [sic] has been filed with the Court, either to denote the propounding of the requests or the failure to respond by Plaintiff." [ECF No. 80, p. 3]. But, had Alpine filed such a notice, it would have been stricken as an unauthorized filing. Local Rule 26.1(b) states that:

Initial and expert disclosures and the following **discovery requests**, responses, objections, **notices or any associated proof of service shall not be filed until they are used in the proceeding or the court orders their filing**: (1) deposition transcripts; (2) interrogatories; **(3) requests for**

In support of the instant motion, Plaintiff filed a declaration, stating that he suffered a medical event on October 3, 2020 and that due to his involvement in the instant case, he has started experiencing "stronger symptoms" than at the time of the 2020 medical event. [ECF No. 80-1, pp. 2–3]. Plaintiff states that his

> [i]nsomnia, nightmares, extreme anxiety, etc., was affecting [him] considerably. The stress level reached such a point that [he] had to suspend almost all work, and barely do only what was extremely urgent. For several weeks [he] was working at a minimum.

> [He is] currently under medical/psychological care and medication; however, these have other side effects that have also impaired [his] performance, including headaches and stomach problems.

*Id.* (typographical errors in original). Plaintiff explains that "[f]or this reason, Alpine's Request for Admissions went unnoticed until a few days ago." *Id.* at 3. He states that he "immediately contacted . . . David Willig, counsel for Alpine, explaining what happened and asking for his approval to serve him with [his] response" and that Mr. Willig "objected." *Id.*

In its response, Alpine includes copies of the parties' email exchanges [ECF No. 82-1]. These documents reflect that Plaintiff sent an email to Mr. Willig on November 3, 2023. Plaintiff's email stated as follows:

> Mr. Willig,

---

> **documents**, electronically stored information or things, or to permit entry upon land; **(4) requests for admission**; (5) notices of taking depositions or notices of serving subpoenas; and (6) privilege logs.

S.D. Fla. L.R. 26.1(b) (emphasis added).

Good morning.

I appologize [sic] for not getting back to you.

When you sent this email I was deeply involved in several personal and legal matters. For this reason your request went unnoticed.

Now, reviewing my emails related to this case, I found your request. Please, I ask for a week to respond appropriately.

Sorry for the inconvenience.

*Id.* at 2.

Mr. Willig responded the same day, stating:

Mr[.] Taveras,

Thank you for your email.

Since you are past time in responding to a Request for Admissions, all the requests are deemed admitted.

Under Rule 6, Fed. R. Civ. P[.] you must show "excusable neglect" to file after the expiration.

Further, all objections are waived due to the late filing.

What is the "excusable neglect" you would proffer to justify the late response?

*Id.*

Plaintiff responded to Mr. Willig, by stating:

Mr. Willig,

Thank you for your prompt response.

There are several matters that amount to excusable neglect, including **health problems**, **which have prevented me from working at full capacity**. Another thing was that your request went unnoticed because you had sent it along with your response, which I was expecting. Due to multiple

4

> situations I was not able to check your email until today when I went to verify your responses.
>
> I am filing a motion to respond to the request for admission out of time, Please let me know if you oppose or if I can file it unopposed.
>
> I will appreciate that you consider my request under the circumstances.

*Id.* at 1 (emphasis added).

> The last email included in this exchange is from Mr. Willig. It states:
>
> Mr. Taveras,
>
> Thank you for your email.
>
> **I would like to take your request in consideration but you don't really describe the matters of excusable neglect.**
>
> I don't mean to pry, but a mild cold might be considered by some a health problem but it may not constitute excusable neglect. Likewise it is vague to refer to "multiple situations" due to which, you say, you were not able to check your email until today. Also, it does not make sense that you were expecting my response, but that my request went unnoticed because I had it sent it [sic] along with my response, which you were expecting.
>
> And as always, I would urge you to follow the rules of procedure, the local rules, etc.

*Id.* (emphasis added).

In their response, Defendants contend that Plaintiff has sandbagged them because Plaintiff's declaration contains more details about his health than was disclosed to defense counsel in the pre-filing conferral:

> Prior to filing the motion, Plaintiff only indicated as "excusable neglect" that "[t]here are several matters that amount to excusable neglect, including health problems, which have prevented me from working at full capacity." *See* Exhibit A to this Response. This can be interpreted as the equivalent of "I was not feeling well."

Now, however, Plaintiff now claims a fairly grave health situation in the affidavit [sic] attached as an exhibit to his motion, such that **Plaintiff has unfairly "sand-bagged" the responding Defendants since what Plaintiff disclosed to Defendants' counsel was insufficient to serve as a basis not to oppose [ ] Plaintiff's motion**.

[ECF No. 82, p. 3 (emphasis added)].

Defendants further note that "what Plaintiff disclosed to the Court in his affidavit [sic] . . . shows a medical event of concern, yes, but one that occurred in 2020, not at or near the time the answers to the request for admissions was [sic] due." *Id.* But Plaintiff's declaration describes *both* a serious medical event which took place on October 3, 2020 and *current* symptoms which are "even stronger symptoms" than he had leading up to the 2020 medical event. [ECF No. 80-1, p. 2].

II.     **Analysis**

A.     **Request for Admissions**

Federal Rule of Civil Procedure 36 governs requests for admission. A party served with requests for admission has 30 days to respond "by a written answer 'specifically deny[ing] the matter' or 'set[ting] forth in detail the reasons why [it] cannot truthfully admit or deny the matter' or by objecting to the request." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002) (quoting Fed. R. Civ. P. 36(a)).

Under Rule 36, "[a] matter is admitted unless, within 30 days after being served the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ.

P. 36(a)(3). "Once the matter is admitted, Rule 36(b) provides that it is 'conclusively established **unless the court on motion permits withdrawal or amendment of the admission**.'" *Perez*, 297 F.3d at 1264 (quoting Fed. R. Civ. P. 36(b) (footnote omitted; emphasis added).

> In exercising this discretion,
>
> district courts should apply a "two-part test" in deciding whether to grant or deny a motion to withdraw or amend admissions. *Smith v. First Nat'l Bank*, 837 F.2d 1575, 1577 (11th Cir. 1988). First, the court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case. *Id.*; *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995); *FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir.1994).

*Id.*

The Eleventh Circuit has observed that "Rule 36(b)'s two-part test is much more than merely hortatory; it 'emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.'" *Id.* at 1265 (citing *Smith*, 837 F.2d at 1577–78 (quoting Fed. R. Civ. P. 36 advisory committee's note) (emphasis omitted)).

The first prong "'emphasizes the importance of having the action resolved on the merits,' *Smith*, 837 F.2d at 1577, and is 'satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case[.]'" *Id.* at 1266 (quoting *Hadley*, 45 F.3d at 1348. The second prong focuses on whether there is prejudice to the

non-moving party: "'it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.'" *Id.* (quoting *Smith*, 837 F.2d at 1578 (quotin*g Brook Village N. Assoc. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir.1982))). "[A] court is more likely to find prejudice when a party seeks to withdraw its admissions once trial has already begun." *Id.* at 1266–67.

In *Bereli, Inc. v. R & L Carriers, Inc.*, this Court found that the first prong was met given the procedural posture of the case:

> First, withdrawal will permit the adjudication of this case on the merits. Indeed,[the] [d]efendant has filed an Answer and this case is still in its early stages, with the discovery cutoff on August 21, 2022, and trial on January 3, 2023. "Thus, granting the motion to withdraw the admissions would [ ] certainly aid[ ] in the ascertainment of the truth and the development of the merits." *Perez*, 297 F.3d at 1266 (quotations omitted). Accordingly, because the [p]arties have sufficient time to litigate this case on the merits, the first prong of Rule 36(b)'s test tips in [the movant]'s favor.

No. 1:21-CV-22943-JLK, 2022 WL 3681995, at *2 (S.D. Fla. May 11, 2022).

The Undersigned similarly concludes that because this case is in its early stages and discovery is still ongoing, the first prong is met. Moreover, Alpine's requests seek the admission of facts which are contrary to the allegations pled by Plaintiff. Granting Plaintiff's motion will aid in the "ascertainment of the truth and the development of the merits." *Perez*, 297 F.3d at 1266.

Defendants contend that they will be prejudiced if Plaintiff is allowed to withdraw some of its deemed-admissions:

> ALPINE TOWING, INC. and LARRY SARAVIA are prejudiced by the withdrawal of the deemed admissions to requests nos. 6, 7, 8, 9 and 11 if the nonconforming answers are allowed, since it will require the ALPINE defendants to challenge the improper answers and also due to the failure to identify the ALPINE employees and due to the unavailability of witnesses formerly employed by ALPINE who are otherwise identifiable from the Plaintiff's pleadings with attachments.

[ECF No. 82, p. 6].

The Undersigned is not persuaded by Defendants' prejudice claim. The Eleventh

Circuit has explained that:

> The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, **it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions**.

*Perez*, 297 F.3d at 1266 (quotation omitted; emphasis added).

Plaintiff's 13-day delay in responding to Alpine's Request for Admissions did not

cause a "sudden need to obtain evidence." Given the procedural posture of this case

(where discovery is still ongoing), there is *no* prejudice to Alpine if Plaintiff is allowed to

withdraw his deemed admissions. *See Bouzaglou v. Synchrony Fin.*, No. 19-CV-60118, 2019

WL 3852295, at *4 (S.D. Fla. Aug. 15, 2019) (finding prejudice factor not met where the

case was "sufficiently in advance of trial that [the] [p]laintiff and [the] [d]efendant still

ha[d] time to obtain discovery and to prove their case without reliance on deemed

admissions").

Defendants also ask the Court to consider Plaintiff's past non-compliance with the

rules and Orders. [ECF No. 82, pp. 6–7]. The Court will not deny Plaintiff's motion on this ground. *See Worsham v. TSS Consulting Grp., LLC*, No. 618CV1692ORL37LRH, 2019 WL 13031795, at *2 (M.D. Fla. Sept. 6, 2019) ("The [d]efendants' delays in responding to the [r]equest for [a]dmission, as well as their failures to respond to other written discovery, may not be considered under *Perez*, which expressly limits the analysis to the two factors[.]"); *Broad. Music, Inc. v. Bisla & Bisla, LLC*, No. 8:11-CV-02273-JDW, 2012 WL 5387890, at *5 n.1 (M.D. Fla. Nov. 2, 2012) ("To the extent [the] [p]laintiffs argue that [the] [d]efendants failed to offer any explanation as to why they waited to seek withdrawal of the deemed admissions, or that the delay was excessive, or that withdrawal would result in a waste of judicial resources, such arguments are foreclosed by *Perez*, which instructs that the only criteria that can be considered are the two prongs in Rule 36(b).").

In sum, the Court will exercise its discretion and deem served Plaintiff's answers to Alpine's Request for Admissions (served on November 7, 2023).

Defendants point out that Plaintiff has improperly responded to Request for Admissions Nos. 6, 7, 8, 9 and 11. [ECF No. 82, p. 5]. Rule 36(a)(4) states, in relevant part: "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny*." Fed. R. Civ. P. 36(a)(4) (emphasis added). Because the Court is exercising its discretion to allow Plaintiff to serve out-of-time answers to Alpine's Requests for Admissions, it will provide

Plaintiff with **ten (10) days** to cure this defect, if possible, by amending its answers to

Request for Admissions Nos. 6, 7, 8, 9 and 11 to conform with Fed. R. Civ. P. 36(a)(4).

### B.      Requests for Production

Plaintiff also seeks a 10-day extension of time to respond to the Requests for

Production, citing health reasons. [ECF No. 80].

Alpine opposes this request and succinctly states that:

> To the extent Plaintiff is late in filing a response to Defendant ALPINE's
> request for production, in view of the failure to show excusable neglect, the
> Court should order Plaintiff to respond and produce documents **without
> any objection permitted**, including any objection based on Attorney-Client
> privilege.

[ECF No. 82, p. 8 (emphasis added)].

Based on the representations made in Plaintiff's declaration, made pursuant to 28

U.S.C. § 1746 (*i.e.,* under penalty of perjury), the Court will **grant** Plaintiff's request for a

ten-day extension of time to respond to Alpine's Request for Production.

### III.    Conclusion

For the reasons stated in this Order, the Court **grants** Plaintiff's Motion to Respond

to Alpine's Request for Admissions Out of Time and for Extension of Time to Respond

to Requests for Production [ECF No. 80].

Plaintiff's out-of-time answers to Alpine's Request for Admissions are deemed

served. Plaintiff will have **ten (10) calendar days** to serve amended answers to Request

for Admissions Nos. 6, 7, 8, 9 and 11, if possible, in order to comply with Rule 36(a)(4)

("The answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny*." Fed. R. Civ. P. 36(a)(4) (emphasis added)).

Plaintiff will also have **ten (10) calendar days** to serve responses (including objections) to the Request for Production. If Plaintiff asserts a privilege, then by the same deadline, he shall prepare and serve a proper and detailed privilege log in accordance with Local Rule 26.1.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on November 17, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
Eliezer Taveras, *pro se*
All Counsel of Record