UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-CV-23745-SCOLA/GOODMAN

ELIEZER TAVERAS,

        Plaintiff,

v.

FLORIDA DEPARTMENT OF
TRANSPORTATION, et al.,

        Defendants.

_____/

## *COMBINED* REPORT AND RECOMMENDATIONS AND ORDER[1] ON MOTIONS

*Pro se* plaintiff Eliezer Taveras ("Plaintiff" or "Taveras") seeks, among other

things, leave of court to file a second amended complaint [ECF No. 64].[2] Also pending

before the Court are two motions for case-ending sanctions filed by Defendants Jared

---

[1] This case was referred to the Undersigned for all pretrial matters. [ECF No. 34]. Pending before the Court are both dispositive and non-dispositive motions [ECF Nos. 58; 59; 64; 67; 74]. Moreover, there is significant overlap between some of the motions, responses, and replies. Therefore, the Undersigned will issue a *combined* Report and Recommendations (on the dispositive motions [ECF Nos. 58; 59]) and Order (on the non-dispositive motions [ECF Nos. 64; 67; 74]).

[2] "'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Liberal construction, however, does not mean that a court may "act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

Perdue ("Secretary Perdue") and the Florida Department of Transportation ("FDOT" and collectively, "FDOT/Perdue") [ECF No. 58] and Defendants Larry J. Saravia and Alpine Towing, Inc. (collectively, "Alpine" and, together with "FDOT/Perdue", "Defendants") [ECF No. 59], Plaintiff's own motion for sanctions [ECF No. 67],[3] and Plaintiff's motion to modify the Scheduling Order [ECF No. 74].

Senior United States District Judge Robert N. Scola, Jr. referred this case to the Undersigned "for a ruling on all pre-trial, non-dispositive matters and for a report and recommendation on any dispositive matters, consistent with 28 U.S.C. § 636 and Local Magistrate Judge Rule 1." [ECF No. 34].

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **deny** Defendants' motions for involuntary dismissal [ECF Nos. 58; 59] and Plaintiff's sanctions motion [ECF No. 67]. Additionally, and as explained in detail below, the Undersigned **grants** Plaintiff's motion for leave to file a second amended complaint [ECF No. 64] and **denies** Plaintiff's motion to modify the Scheduling Order [ECF No. 74].

## I.    Background

The instant motions stem from Taveras' failure to follow this Court's instructions. Plaintiff sought and was granted leave to file a second amended complaint ("SAC"). [ECF Nos. 31; 44]. The motion was granted by default "[b]ecause Defendants did not respond

---

[3]    It appears Plaintiff's objection/motion for sanctions was filed twice. *See* [ECF Nos. 66; 67]. The Undersigned will cite to only the later-filed document, ECF No. 67.

to Plaintiff's motion for leave to file the proposed SAC (and the time for doing so ha[d] lapsed)[.]" [ECF No. 44, p. 5]. The Court's Order specifically directed Taveras to "file the SAC, **in substantially the same manner as attached to his motion for leave**, [ECF No. 31-1][.]" *Id.* at 6 (emphasis added).

Instead of following the Court's clear directive, however, Plaintiff filed a motion to change, amend, or modify the Court's Order. [ECF No. 45]. The motion stated that due to "a substantial change in circumstances that ha[d] happened since the [O]rder was issued, . . . Plaintiff need[ed] to make corrections on its [sic] SAC to conform to evidence, etc." *Id.* at 2. Defendants opposed the motion [ECF Nos. 48; 49]. The Undersigned denied the motion, noting that it: (1) failed to show entitlement to relief; (2) did not include a memorandum of law, as required by Local Rule 7.1(a)(1); and (3) to the extent it could be construed as a motion for reconsideration, it did not meet the "extraordinary remedy" standard.[4] [ECF No. 50, p. 7].

The Order denying Taveras' motion once again allowed him to file the proposed SAC [ECF No. 31-1] which was the subject of his earlier-filed (and granted-by-default) motion for leave but warned both parties of their Rule 11 obligations:

> If Plaintiff wishes to proceed with the proposed SAC he attached to his earlier-filed motion for leave to amend [ECF No. 31], then **he must . . . file that proposed SAC [ECF No. 31-1] as a new and separate submission on the docket**.

---

[4]     Plaintiff did not "elaborate on what this 'substantial change in circumstances' was or even what changes he made to the attached proposed SAC." [ECF No. 50, p. 6].

Given that Defendants FDOT/Purdue challenged [ECF No. 49] Plaintiff's now-rejected revised, proposed pleading [ECF No. 45] as a "sham pleading" because the allegations are purportedly "patently, demonstrably false," **Plaintiff shall sign the SAC (the one he submitted as [ECF No. 31-1])** to reflect his certification that the allegations have "evidentiary support," as provided for by Fed. R. Civ. P. 11(b). If Plaintiff is unable to file the SAC because he cannot make the requisite certification, then he shall not file it. If Plaintiff follows through and files (and signs) the SAC, then Defendants shall file a response within seven (7) calendar days.

Given the nature of the allegations being hurled by all parties, the Undersigned reminds everyone of their obligations under Rule 11.[5] If it turns out that Plaintiff, any of the Defendants, or any of the defense lawyers have violated Rule 11, have made misrepresentations or misleading omissions to the Court, attempted to perpetrate a fraud on the Court or otherwise engaged in sanctionable conduct, then there are substantial remedies available (as well as significant consequences).

*Id.* at 8–9 (footnote in original; emphasis omitted).

The Court concluded by stating:

If Plaintiff still wishes to proceed with the proposed SAC he attached to his earlier-filed motion for leave to amend [ECF No. 31], then **he must by . . . file that proposed SAC [ECF No. 31-1] as a new and separate submission on the docket**. As indicated above, Plaintiff shall sign the SAC to reflect his certification that the allegations contained therein have "evidentiary support," as provided for by Fed. R. Civ. P. 11(b).

*Id.* at 9 (emphasis added).

Plaintiff did not follow the Court's instructions. Instead, without leave of court,

Plaintiff filed a version of the SAC [ECF No. 54 ("unauthorized SAC")] which was

---

[5]     "Rule 11 of the Federal Rules of Civil Procedure applies to all papers filed in federal court, including those filed *pro se*." *Maldonado v. Baker Cnty. Sheriff's Off.*, 23 F.4th 1299, 1306 (11th Cir. 2022).

materially different from the proposed SAC [ECF No. 31-1] attached to his earlier, granted motion [ECF No. 30].

In response to the unauthorized SAC, Defendants filed the instant motions [ECF Nos. 58; 59] seeking the involuntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff filed a renewed motion for leave to file a second amended complaint [ECF No. 64], a motion for sanctions against FDOT/Perdue [ECF No. 67], and a motion to modify the Scheduling Order [ECF No. 74] to extend the deadline to amend the pleadings.

## II.    Analysis

As noted above, this document is a combined Report and Recommendations and Order. Section A is a Report and Recommendations, addressing the parties' respective sanctions motions [ECF Nos. 58; 59; 67]. Section B is an Order, ruling on the remaining motions which are not case dispositive.

### A.    Report and Recommendations on Defendants' Motions for Involuntary Dismissal [ECF Nos. 58; 59] and Plaintiff's Objection to Motion for Involuntary Dismissal and Motion for Sanctions [ECF No. 67]

#### 1.    Defendants' Motions for Involuntary Dismissal [ECF Nos. 58; 59]

Defendants move for the involuntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) or under the Court's inherent power "due to Plaintiff's failure to comply with this Court's Order Denying Plaintiff's Motion to Change, Amend, or Modify Court Order [ECF No. 50]." [ECF No. 58, p. 1]; *see also* [ECF No. 59, p. 1].

As outlined above, the Undersigned denied Plaintiff's motion to change, amend, or modify the Court's Order [ECF No. 45] but allowed him to file the proposed SAC [ECF No. 31-1] which was the subject of Plaintiff's earlier-filed motion for leave [ECF No. 30]. Rather than comply with the Court's clear instructions, Plaintiff, without leave of court, filed the unauthorized SAC [ECF No. 54], which was materially different from the proposed SAC [ECF No. 31-1].

Defendants point out, and Plaintiff does not dispute, that the unauthorized SAC [ECF No. 54] differs in substance from the (authorized) proposed SAC [ECF No. 31-1]:

> Plaintiff's [unauthorized] SAC [ECF No. 54] includes, inter alia, allegations and claims against Secretary Perdue and Larry Saravia that were not a part of Plaintiff's previously-proposed SAC [ECF No. 31-1]. The SAC [ECF No. 54] contains two completely new sections entitled "Provisions" [ECF No. 54, ¶¶ 15-23] and "Further Intimidation and Harassment" [ECF No. 54, ¶ 57]. For purposes of this Motion but not exhaustively, the SAC [ECF No. 54] contains two additional Counts that were not included in the previously-proposed SAC [ECF No. 31-1] and, as to previously pled Counts, seeks relief against Secretary Perdue and Larry Savia [sic] in addition to FDOT and Alpine.

[ECF No. 58, p. 3]; *see also* [ECF No. 59, p. 3].

They argue that "[i]nvoluntary dismissal with prejudice is warranted here because the record reveals willful contempt of this Court's Order [ECF No. 50] and the applicable Federal and Local Rules, and there is no lesser sanction that would serve the interests of justice." *Id.* at 5 (footnote omitted). Alpine cites to other instances where this Court has stricken Plaintiff's filings for failing to comply with the Local Rules. [ECF No. 59, p. 7 (citing [ECF Nos. 56; 57])]. FDOT/Perdue attaches copies of two case dockets involving

Plaintiff to its motion and argues that Plaintiff's "tactics [in this case] appear to be consistent with Plaintiff's litigation *modus operandi*, they are vexatious and should not be tolerated." [ECF No. 58, p. 6 (footnote omitted)].[6]

Alpine's motion largely mirrors FDOT/Perdue's motion but also includes a prejudice argument. *Compare* [ECF No. 58] *with* [ECF No. 59]. Alpine argues it has been prejudiced under Federal Rule of Civil Procedure 15 due to "difficulty in defending a lawsuit as a result of a change of tactics or theories on the part of the other party" and cites Plaintiff's "ever-shifting factual allegations and claims." [ECF No. 59, p. 6]. Alpine also relies on one of the dockets filed by FDOT/Perdue to support its argument that "a pattern [of vexatiousness] clearly emerges from this Plaintiff's conduct before this and other courts." *Id.* at 59.

Even under a liberal construction, Plaintiff's objection/sanctions motion [ECF No. 67] (which will be addressed in more detail below) is *not* a response to either motion for involuntary dismissal. Plaintiff's objection/sanctions motion *does* refer to FDOT/Perdue's motion for involuntary dismissal as "in part, yet another intentional act to harass and delay the lawful resolution of this action" but it does not address any of the arguments raised by FDOT/Perdue or Alpine in their respective motions. Instead, Plaintiff's

---

[6]     FDOT/Perdue attached to its motion copies of the dockets from *U.S. Bank, N.A. v. Taveras*, Case No. 2016-CA-0916 (Fla. 9th Cir. 2016) [ECF No. 58-1] and *Taveras v. Young*, Case No. 6:23-cv-01305-WWB-EJK (M.D. Fla. July 13, 2023) [ECF No. 58-2]. The inclusion of these exhibits is the subject of Plaintiff's objection/sanctions motion [ECF No. 67], discussed below.

objection/sanctions motion concerns the purported impropriety of attaching as exhibits court dockets from other proceedings.

Plaintiff's status as an unrepresented party does not excuse his non-compliance with the rules and Orders of this Court. "A *pro se* plaintiff is responsible for following court orders and is subject to the same sanctions as any other litigant." *Martins v. Royal Caribbean Cruises, Ltd.*, 429 F. Supp. 3d 1315, 1323 (S.D. Fla. 2019) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (footnote omitted)). "[O]ur federal courts have 'never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" *Id.* at 1364 (quoting *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993)). "Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

Ordinarily, the failure to respond to a motion alone is sufficient grounds to grant the motion by default. *See* S.D. Fla. Local Rule 7.1(c)(1). In fact, the Court granted Plaintiff's initial request to amend the Complaint by default because Defendants failed to file a response. *See* [ECF No. 44, p. 5]. At the same time, "[d]istrict courts have considerable discretion in applying the Local Rules[.]" *Hum. Rts. Def. Ctr. v. Dixon*, No. 21-81391-CV, 2022 WL 4243921, at *3 (S.D. Fla. Aug. 24, 2022). Due to the gravity of the requested sanctions, the Undersigned will exercise discretion and address the merits of Defendants' motions (rather than recommend a by-default dismissal of Plaintiff's case).

Rule 41(b) states that:

> **If the plaintiff fails** to prosecute or **to comply with** these rules or **a court order, a defendant may move to dismiss the action** or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b) (emphasis added). "Dismissal under Rule 41(b) is appropriate where there is a finding that the conduct (or lack thereof) is willful and that lesser sanctions would not suffice." *Williams v. Geo Grp., Inc.*, No. 20-CV-81960, 2022 WL 848037, at *2 (S.D. Fla. Mar. 21, 2022), *aff'd*, No. 22-11266, 2023 WL 1957496 (11th Cir. Feb. 13, 2023) (citing *Baltimore v. Jim Burke Motors, Auto.*, 300 F. App'x 703, 707 (11th Cir. 2008)).

Defendants also move for sanctions under the Court's inherent power. "A court's inherent power is governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (internal citation omitted). "[T]he court must exercise its inherent power with 'restraint and discretion.'" *Taverna Imports, Inc. v. A & M Wine & Spirits, Inc.*, No. 15-24198-CIV, 2018 WL 3611405, at *16 (S.D. Fla. July 27, 2018), *objections overruled sub nom. Taverna Imports, Inc. v. A&M Wine & Spirits, Inc.*, No. 15-24198-CIV, 2018 WL 11227736 (S.D. Fla. Dec. 20, 2018) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).

A court may exercise this inherent power to sanction both an attorney or party who has acted with subjective bad faith. *Purchasing Power, LLC*, 851 F.3d at 1223. "[I]n the

absence of direct evidence of subjective bad faith, this standard can be met if an attorney's [or party's] conduct is so egregious that it could only be committed in bad faith." *Id.* at 1224–25.

"The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (citation and internal quotation marks omitted); *Morewitz v. W. of England Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995) ("The severe sanction of dismissal with prejudice, however, can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." (citation and internal quotation marks omitted)).

Here, Plaintiff disobeyed this Court's clear and unambiguous directive [ECF No. 50] when he filed a version of the SAC which was materially different from the proposed SAC [ECF No. 31-1]. Additionally, and as Defendants note, there have been other instances in this case where Plaintiff has failed to follow the rules, resulting in the striking of his filings. *See*, *e.g.*, ECF Nos. 56; 57.[7] Nonetheless, the Undersigned does not believe

---

[7]     The Undersigned is compelled to point out that Defendants themselves have failed to adhere to the Local Rules and have repeatedly violated at least one court Order. Defendants failed to comply with Local Rule 7.1(c)(1) when they failed to respond to Plaintiff's initial motion for leave to file the proposed SAC. *See* [ECF No. 44, pp. 4–5]. Moreover, Defendants have repeatedly violated Judge Scola's Order requiring joint filings or consolidated responses/replies where there are multiple parties on the same side of the litigation. *See* Order [ECF No. 5, ¶ 5 ("Where there are multiple Plaintiffs or Defendants, **the parties must file joint motions and consolidated responses and replies** unless there are clear conflicts of position." (emphasis added; footnote omitted)].

that case-ending sanctions are appropriate at this juncture and under the circumstances of this case.

The extreme sanction of dismissal, particularly in light of there being no prejudice to Defendants, is unwarranted at this time. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1302 (11th Cir. 2009) (noting that "severe sanction of a dismissal or a default judgment is appropriate **only as a last resort**, when less drastic sanctions would not suffice" (emphasis added)); *Sprint Sols., Inc. v. Fils-Amie*, 83 F. Supp. 3d 1290, 1295 (S.D. Fla. 2015) ("When ordering a sanction of default judgment, the Court should find by clear and convincing evidence that (1) a defendant acted in bad faith, (2) the plaintiff was prejudiced by this conduct, and (3) lesser sanctions would not adequately serve the goals of punishment and deterrence.").

But Plaintiff should consider this Report and Recommendations/Order a **final warning**. Plaintiff should not expect similar leniency going forward. The continued failure to adhere to Orders or follow the rules will very likely result in sanctions, including monetary sanctions or the dismissal of this lawsuit. In the future, such actions (or inactions) will be met with more than a stern warning. *See e.g., Tucker v. Watson*, No. 1:21-CV-215-AW-GRJ, 2022 WL 1913014, at *2 (N.D. Fla. Apr. 29, 2022), *report and recommendation adopted*, No. 1:21-CV-215-AW-GRJ, 2022 WL 1910121 (N.D. Fla. June 2,

---

Defendants are **warned** that the continued failure to abide by this requirement (or the Local Rules) will result in the striking of non-compliant filings and may lead to sanctions.

2022) (dismissing action under Rule 41(b) where "[the] [p]laintiff failed to comply with two court orders which warned [the] [p]laintiff that failure to comply by court-imposed deadlines would result in dismissal of his case without further notice").

For these reasons, the Undersigned **respectfully recommends** that the District Court **deny** Defendants' sanctions motions [ECF Nos. 58; 59].

### 2.     Plaintiff's Objection and Motion for Sanctions [ECF No. 67]

Plaintiff seeks sanctions against FDOT/Perdue (and attorney Robert P. Elson) for attaching as exhibits dockets from other courts [ECF Nos. 58-1; 58-2] to the motion for involuntary dismissal. [ECF No. 67]. FDOT/Perdue filed a response in opposition [ECF No. 72]. Plaintiff did not file an optional reply. For the reasons discussed below, the Court should **deny** Plaintiff's motion [ECF No. 67].

"Plaintiff . . . asks this Court to enter an order striking the FDOT Defendants['] Motion and its exhibits, and directing the Clerck [sic] to remove the information from the Docket." *Id.* at 6. He also asks for "proper sanctions against FDOT Defendants." *Id.* According to Plaintiff, "[t]he exhibits attached to the Motion were filed with the only purpose of harassing, causing unnecessary delay, and needlessly increasing the cost of litigation, in violation of Fed. R. Civ. P. 11(b)(1)." *Id.* at 2. He accuses FDOT/Perdue's counsel, Robert Elson, of violating or failing to comply with various rules of professional conduct and Rule 11 and asserts that FDOT/Perdue's motion for involuntary dismissal is

"yet another intentional act to harass and delay the lawful resolution of this action." *Id.* at 3–4.

Plaintiff seeks sanctions against FDOT/Perdue pursuant to the Court's "inherent power to sanction misconduct," Rule 37(c)(1), and Federal Rule of Evidence 403. *Id.* at 4–5. He also cites the Florida Bar Rules of Professional Conduct. *Id.* at 3–4. In support of his motion, Plaintiff filed his wife's (Valeria Taveras) declaration [ECF No. 67, pp. 7–14], and other documents, *id.* at 15–44, related to the state court proceeding.

Plaintiff contends that:

> The purported evidence submitted by FDOT Defendants is too prejudicial to be admitted. The "evidence" attempts to raise the emotions of a **jury** such as sympathy, bias, or hostility, thereby interfering with their ability to reach an impartial verdict. And in this case, as demonstrated by Valeria Taveras' affidavit, the emotion would be unfair; further, such emotion would be outside of the facts of the case. The "evidence" is an intent to confuse this Court and a **jury**, and the danger is that unfair prejudice from that "evidence" would substantially outweigh its probative value -- if any.

*Id.* at 5 (emphasis added).

At the outset, there is no Rule 11(b)(1) violation. FDOT/Perdue attached two docket sheets to the motion for involuntary dismissal. In doing so, it simply asks the Court to consider Plaintiff's conduct in other actions in ruling on FDOT/Perdue's involuntary dismissal motion. The exhibits speak for themselves and there is nothing "harassing" about filing public records from other courts.

Moreover, FDOT/Perdue is *not* seeking to introduce these dockets as evidence at *trial*. There is no jury involved at this pre-trial stage of the proceedings. Therefore, Rule 403 is *wholly* inapplicable to the instant motion(s) for involuntary dismissal.

There is also no basis for sanctions under Rule 37(c)(1), which authorizes the Court to impose sanctions for *discovery-related* abuses. *See Goodman v. New Horizons Cmty. Serv. Bd.*, No. 05-14717, 2006 WL 940646, at *1 (11th Cir. Apr. 12, 2006) ("Rule 37 of the Federal Rules of Civil Procedure provides a district court with authority to impose sanctions, including dismissal, on a party for abuse of the *discovery* process." (emphasis added)); *Ard v. Oregon State Bar*, No. 3:20-CV-02143-JR, 2021 WL 3852191, at *3 (D. Or. Aug. 11, 2021), *report and recommendation adopted*, No. 3:20-CV-2143-JR, 2021 WL 3849706 (D. Or. Aug. 27, 2021) ("Rule 37 sanctions are limited to *discovery* disputes" (emphasis added)). The inclusion of exhibits with a motion is *not* a discovery violation.

Moreover, Rule 37(c)(1) specifically applies to instances where a party "fail[ed] to provide information or identify a witness." Fed. R. Civ. P. 37(c)(1). The objected-to conduct (the filing of two, publicly available court dockets) does not concern the failure to disclose information or a witness.

There is nothing unethical, harassing, or sanctionable about attaching a copy of a docket from another proceeding (or proceedings) and asking the Court to take judicial notice. Courts *routinely* take judicial notice of other dockets. *See, e.g., Bakov v. Consol. Travel Holdings Grp., Inc.*, No. 19-CV-61509-WPD/SNOW, 2020 WL 9934410, at *1, n.1 (S.D. Fla.

Apr. 9, 2020) ("The court may take judicial notice of another court's docket entries and orders for the limited purpose of recognizing the filings and judicial acts they represent."); *Griffin v. Verizon Commc'ns Inc.*, 746 F. App'x 873, 876 (11th Cir. 2018) ("Courts typically take judicial notice of record documents from other judicial proceedings."); *Allen v. Geico Gen. Ins. Co.*, No. 23-21901-CIV, 2023 WL 5702163, at *1, n.1 (S.D. Fla. Aug. 23, 2023) ("The Court may take judicial notice of the state court docket and filings in the state action located on the Miami-Dade County Clerk of the Court's website.").

It is not uncommon for courts to consider a party's litigation history when ruling on certain motions. *See, e.g.*, *Emrit v. Devos*, No. 1:20-CV-34-AW-GRJ, 2020 WL 1669872, at *1 (N.D. Fla. Mar. 4, 2020), *report and recommendation adopted*, No. 1:20-CV-34-AW-GRJ, 2020 WL 1668050 (N.D. Fla. Apr. 3, 2020), *aff'd sub nom. Emrit v. Sec'y, United States Dep't of Educ.*, 829 F. App'x 474 (11th Cir. 2020) ("tak[ing] judicial notice that [the] [p]laintiff has been recognized as a 'serial *pro se* filer of frivolous complaints in federal court'").

In sum, Plaintiff failed to show that FDOT/Perdue (or attorney Elson) engaged in any sanctionable (or unethical) conduct by attaching copies of court dockets to FDOT/Perdue's motion to dismiss. The federal and state court dockets are generally matters of public record and the dockets at issue do not concern sealed matters. None of the sources cited in Plaintiff's motion support the imposition of sanctions under these

circumstances. For these reasons, the Undersigned **respectfully recommends** that the District Court **deny** Plaintiff's sanctions motion [ECF No. 67].

**B.    Orders on Plaintiff's Renewed Motion for Leave to File Second Amended Complaint [ECF No. 64] and Plaintiff's Motion to Modify Scheduling Order [ECF No. 74]**

**1.    Plaintiff's Renewed Motion for Leave [ECF No. 64]**

Plaintiff moves for leave [ECF No. 64] to file a revised SAC and attaches a copy of the proposed revised SAC [ECF No. 64-1] as an exhibit to his motion. The proposed revised SAC [ECF No. 64-1] alleges the following six causes of action: (1) violation of 42 U.S.C. § 1983 against Alpine (for deprivation of property without due process of law); (2) violation of the Fair Debt Collection Practices Act ("FDCPA") against Alpine; (3) declaratory relief under 28 U.S.C. §§ 2201–02 against FDOT; (4) Injunctive Relief against all Defendants; (5) violation of 42 U.S.C. § 1983 against all Defendants (asserting right to due process); and (6) violation of 42 U.S.C. § 1983 against all Defendants (asserting "right to acquire, use, and dispose property").

Plaintiff states that he "needs to make corrections on its [sic] SAC to conform to evidence" and that the proposed revised SAC [ECF No. 64-1] differs from his earlier pleading by:

I.    Correcting statement of nature of the relief sought;

II.    Removing all claims against Defendants, Allied Property Group, Inc.; and Lourdes M. Gomez, In Her Official Capacity as Director of The Miami-Dade County's Department of Regulatory and Economic Resources.

III.     Properly directing claims against the FDOT and Jared W. Perdue, in his official capacity; and claims against Alpine Towing Inc., and against Larry J. Saravia in his official capacity.

IV.     Adding a more specific statement regarding claims for violations of the FDCPA. Note: For judicial economy, instead of adding multiple actions, claims against Alpine for violation of the FDCPA are summarized in one action (although several violations of the FDCPA are asserted).

V.     Adding causes of action under 42 U.S.C. [§] 1983 For Violation of Title 18, U.S.C., Section 241.

VI.     [Giving] notice to this [C]ourt and opposing parties that [Plaintiff] is planning to hire an attorney to continue defending his interest in this action; therefore, for judicial economy purposes, Plaintiff asserts attorney's fees in the Proposed Second Amended Complaint.

[ECF No. 64, pp. 2, 5].

Plaintiff contends that "[g]ranting this motion allows Plaintiffs [sic] to describe in further detail the markets at issue in this action, eliminating disputes over form that would waste this Court's time." *Id.* at 6–7. He asserts that there has been no undue delay, the motion is made in good faith, and there is no prejudice to Defendants. *Id.* at 7.

He also asserts that "[a] look at the [proposed revised] SAC shows that it is feasible to add Plaintiff's claims related to the violation of Florida and federal constitutional rights." *Id.* at 9. Per Plaintiff, "an amendment is required in this case in order to serve the interests of justice and achieve a proper ruling on the merits of Plaintiff's claims." *Id.* He

17

also devotes some space in his motion to accusing defense counsel David Willig and Robert Elson of harassment and intimidation. *Id.* at 3–4.[8]

Defendants oppose the relief requested. [ECF Nos. 68; 71]. They argue that allowing Plaintiff to amend his pleading would be futile because the proposed revised SAC [ECF No. 64-1] fails to state a claim. *Id.* They also cite to Plaintiff's failures to cure deficiencies in earlier amendments and his failure to follow the Court's Orders as grounds for denying the amendment. [ECF Nos. 68, p. 2; 71, p. 2].

Defendants argue that contrary to Rule 8's short and plain statement requirement, the proposed revised SAC [ECF No. 64-1] is "a long, tedious recounting of details that have little to do with the claims sought to be expressed by Plaintiff up till now" and "[i]t is futile for Plaintiff to heap irrelevant details upon irrelevant details." [ECF Nos. 68, p. 3; 71, p. 3].

Defendants further state that:

Plaintiff's proposed [SAC] merely restates the same facts using different language, and strategically altering or omitting [sic] facts fatal to his claims, taking advantage of Defendants' revelations of those shortcomings to adjust the allegations accordingly.

Plaintiff's "new" proposed [SAC] maintains the character of shotgun pleadings in alleging (1) multiple counts that each adopt the allegations of

---

[8]     In the alternative, Plaintiff states that "if the Court finds any particular proposed amendment to be futile, [then] Plaintiff asks the Court for a written statement indicating so and give Plaintiff 5 (five) days to make the appropriate corrections." [ECF No. 64, p. 9]. Defendants object to this requested alternative relief because "[t]he Court nay [sic] not act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." [ECF Nos. 68, p. 4 (citing *Bilal*, 981 F.3d at 911); 71, p. 4 (same)].

all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connected [sic] to a particular cause of action; and (3) combing [sic] multiple claims against multiple defendants without specifying which defendant is responsible for which act[.]

[ECF Nos. 68, p. 3]; *see also* [ECF No. 71, p. 3].

Defendants Alpine argue that Plaintiff's section 1983 claims against them fail to state a claim for relief because they are not state actors:

It remains amply clear from [ ] Plaintiff's stated purpose, *inter alia*, for the proposed "new" [SAC] was [sic] to "remov[e] all claims against Defendants, Allied Property Group. [ECF No. 64, p. 5]. **Since Plaintiff's vehicle was removed from and at the request of a private party, ALLIED, this would reveal that Defendant ALPINE was not a state actor, in contradiction of Plaintiff's claims.** Removal of a vehicle is not an exclusively public or governmental function, and, indeed, is not at all a public or governmental function if removed from private property, a fact strategically and improperly omitted from the proposed [SAC] to obfuscate the truth.

Even without acknowledging that his vehicle was removed from private property, the "new" proposed [SAC] readily shows that the vehicle was not towed to enforce a registration stop, and neither did a registration stop prevent Plaintiff from reclaiming the vehicle after removal. [ ] Plaintiff's own allegations show he did not pay for any unpaid tolls in order to recover his vehicle after its removal.

[ECF No. 68, pp. 5–6]. But Alpine cites no case law to support these arguments.

Alpine also argues that "there is no nexus or joint action properly alleged between Defendants ALPINE and SARAVIA and any other party by failing to allege any input or action from the State actor, [FDOT]." *Id.* at 6. But this argument too fails to cite legal authority.

19

Concerning the FDCPA claim, Alpine points out that "Plaintiff's proposed [SAC] first refers to ALPINE TOWING as a towing-company [ECF No. 54, ¶ 10] and later on as a debt collector, [ECF No. 54, ¶ 81] within Count II of the currently pending [SAC]" and that "the only debt collected by ALPINE TOWING, according to the allegations even of the 'new' proposed [SAC], was the amount due for the towing removal charge, an amount owed to the private towing company." *Id.* Presumably, Alpine is arguing that Plaintiff fails to state a claim under the FDCPA, but Alpine does not expressly make that argument and again cites no case law.

The Undersigned will not consider Alpine's arguments concerning the § 1983 and FDCPA claims, *id.* at 5–6, because Alpine failed to support these arguments with any legal authority. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it."); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

In the same manner as Defendants point out that the Court cannot serve as *de facto* counsel for Plaintiff, [ECF Nos. 68, p. 4 (citing *Bilal*, 981 F.3d at 911); 71, p. 4 (same)], the Court cannot serve in that capacity for Defendants and do their legal research for them. To properly raise an argument, a litigant must support the argument with factual and

legal authority. Alpine has not done so here as to the challenges mounted to the § 1983 and FDCPA claims. *See Singh v. U.S. Att.y Gen.*, 561 F.3d 1275, 1278–79 (11th Cir. 2009) (explaining that simply stating an issue exists, without further argument or discussion, constitutes abandonment of that issue).

Defendants FDOT/Perdue argue that the motion should be denied based on undue prejudice, noting that Plaintiff has either submitted or filed six different versions of his Complaint and note that "[t]he opportunity to amend under Rule 15 is not limitless and a plaintiff should not be allowed to avoid a dispositive ruling on a motion to dismiss by repeatedly amending their [sic] pleadings." [ECF No. 71, pp. 4–5].

Per FDOT/Perdue, allowing Plaintiff to amend his pleading would be futile because: (1) Plaintiff's claims against Secretary Perdue in his official capacity are duplicative of [the] claims against FDOT; (2) both Secretary Perdue and FDOT are entitled to Eleventh Amendment Immunity; (3) under the primary jurisdiction doctrine, Plaintiff cannot seek a declaratory judgment that it does not owe any money for unpaid tolls because the FDOT has statutory authority to regulate toll enforcement; (4) Plaintiff's § 1983 claims against FDOT and Secretary Perdue "are frivolous and solely for the purpose of obtaining jurisdiction" and "Florida circuit courts have exclusive original jurisdiction regarding legality of tolls;" (5) the revised proposed SAC [ECF No. 64-1] is a sham pleading because (a) "[t]he allegation that FDOT placed a registration stop against

Plaintiff's tag is patently, demonstrably false";[9] (b) "FDOT does not share unpaid toll balance information with towing companies" and pursuant to Fla. Stat. § 713.78(4)(a) and (e), towing companies have access to vehicle registration status records, and (c) Plaintiff has a post-deprivation remedy under Fla. Stat. § 713.78(5)(a). *Id.* at 5–13.[10]

In his reply, Plaintiff argues that his proposed revised SAC [ECF No. 64-1] is not a shotgun pleading because it "sufficiently puts Defendants on notice of their alleged violations of constitutional rights, and Plaintiff has met the Eleventh Circuit's prong tests [sic] for pleading a cause of action under 42 U.S.[C.] [§] 1983, the [FDCPA], and injunctive relief." [ECF No. 78, p. 3].

He also argues that allowing him to amend his pleading will not cause undue prejudice to Defendants because Plaintiff has removed "a lot of pleadings" from the earlier version of the SAC; "the []FDOT[/Perdue] Defendants have first-hand knowledge of the roles that they played in the impoundment of the Vehicle;" Plaintiff is not seeking

---

[9]     Defendants FDOT/Perdue state that they provided records to Plaintiff which "reveal that a registration stop was in effect on the operative date and that the registration stop had been requested by the Central Florida Expressway Authority (CFX)" and that "CFX is a separate, distinct governmental agency specially created by State statute, and not part of FDOT in any way." [ECF No. 71, p. 12]. Per FDOT/Perdue, "Plaintiff knows his allegations against Defendants []FDOT[/Perdue] regarding registration stops is false and he persists in maintaining them anyway." *Id.* FDOT/Perdue did not attach to the response copies of the records shared with Plaintiff.

[10]     Unlike Alpine, Defendants FDOT/Perdue support their futility/failure-to-state-a-claim arguments with legal authority.

to add new parties or legal theories; discovery is still ongoing; and "no additional deadlines will need to be modified under the Scheduling Order."[11]

Plaintiff further argues that allowing him to assert § 1983 claims against Secretary Perdue would not be futile because: (1) the text of the statute applies to "[e]very person" and "a state official is a 'person'"; (2) Supreme Court precedent recognizes that "[§] 1983 was designed 'to protect the people from unconstitutional action under color of state law, 'whether that action be executive, legislative, or judicial";[12] and (3) a "state official in his or her official capacity, when sued for injunctive relief would be a person under § 1983."[13] *Id.* at 5–6.

Plaintiff also argues that Secretary Perdue and FDOT are not entitled to immunity under the Eleventh Amendment because "the Supreme Court made it clear that in the sovereign immunity context, 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Id.* at 6 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *also citing Ex parte Young*, 209 U.S. 123, 159-60 (1908)). Plaintiff further notes that "[m]onetary relief that is 'ancillary' to injunctive relief also is not barred by the Eleventh Amendment." *Id.* at 7 (citing *Edelman v. Jordan*, 415 U.S. 651, 667–68 (1974)).

---

[11]    Plaintiff makes this assertion even though he moved to modify the Scheduling Order's deadline to amend pleadings. *See* [ECF No. 74].

[12]    [ECF No. 78, p. 5 (quoting *Mitchum v. Foster*, 407 U.S. 225, 242 (1972))].

[13]    *Id.* at 5–6 (quoting *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989)).

Plaintiff further argues that his claims against Secretary Perdue and FDOT in Counts V and VI (§ 1983 violations) may be brought under *Monell v. City of New York*, 436 U.S. 658 n.55 (1978). *Id.* at 7. He contends that:

> At trial, [he] should be able to bring multiple witnesses who will testify about their vehicle being retained for several days by Defendant, Alpine Towing, Inc., and other towing companies in Florida due to purported unpaid tolls until proof of payment was brought; further, Plaintiff might be able to demonstrate that Mr. Perdue is scienter [sic] that this is happening routinely, and that he and/or the FDOT takes advantage of it; and therefore, that there is a *per se* association-in-fact enterprise between Defendants, and to demonstrate the existence of the alleged policy (*qui facit per alium facit per se*).

*Id.* at 7–8 (footnote omitted). Plaintiff contends that "[t]he Proposed SAC successfully alleges that the impoundment of the vehicle was a consequence of a policy, custom, practice established or maintained by Defendants, that violates Plaintiff's constitutional rights." *Id.* at 8.

Finally, Plaintiff argues that Secretary Perdue and FDOT "are inviting the Court to apply the primary jurisdiction doctrine too broadly." *Id.* at 9. He notes that:

> There is no challenge in SAC [sic] about the toll rates charged by FDOT but about the failure of its toll system and inaccurate charges that finally caused the unlawful collection/impoundment in violations [sic] of Plaintiff's constitutional rights. There is nothing here that is not within the conventional competence of the federal courts. So there is no basis for applying the primary jurisdiction doctrine.

*Id.* at 12.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave," and that

24

"[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The discretion given to trial court judges in granting motions for leave to amend weighs in favor of granting said motions such that "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Epsey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.[,] the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Regions Bank v. Commonwealth Land Title Ins*. Co., No. 11-23257-CIV-SCOLA, 2012 WL 5410948, *2 (S.D. Fla. Nov. 6, 2012) ("While this standard is lenient, 'a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the [opposing party], and futility of the amendment.'" (quoting *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003))).

Leave to amend should be freely given when it is in the interests of justice. Although the record clearly reflects that Plaintiff failed to comply with the Court's instructions [ECF No. 50], the Undersigned does not find that Plaintiff has acted in bad faith in seeking to file a version of the Complaint which he believes comports with the facts. Moreover, Defendants will not be prejudiced if Plaintiff is granted leave to amend.

Discovery is still ongoing and to the extent Defendants take issue with the claims and allegations made in the proposed revised SAC [ECF No. 64-1], they will still be able to mount their challenges through motion practice.

As to futility, Defendant Alpine failed to support the futility-of-amendment argument with any legal authority and Defendant FDOT/Perdue's challenges are best addressed in a fully-briefed motion to dismiss rather than as a futility argument in opposition to a motion for leave to amend. *See Vibo Corp., Inc. v. U.S. Flue-Cured Tobacco Growers, Inc.*, No. 17-22034-CIV, 2018 WL 11149757, at *2 (S.D. Fla. Jan. 23, 2018) (granting leave to amend where "[t]he Court [could not] determine with incontrovertible certainty that the motion to dismiss would have been granted or that a renewed motion to dismiss will be granted" and "[o]nly that level of certainty allows a district court to deny an amendment on futility grounds"); *Acosta v. Smart Alabama, LLC*, No. 1:22-CV-1209-TWT, 2023 WL 2447597, at *4 (N.D. Ga. Mar. 10, 2023) (granting leave to amend where futility arguments "would be best addressed in a fully briefed, renewed motion to dismiss").

"[D]istrict courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). For the reasons discussed above, the Undersigned **grants** Plaintiff's Renewed Motion for Leave [ECF No. 64]. Plaintiff is permitted to file the version of the proposed revised SAC [ECF No. 64-1] attached to his motion (and <u>only</u> that version) by no later than **Monday, December 18,**

**2023**. As set forth in more detail below, the failure to comply with this Order will result in recommended sanctions. Plaintiff must file the permitted version on the CM/ECF docket as a separate document, in a separate filing.

        **2.**        **Plaintiff's Motion to Modify the Scheduling Order [ECF No. 74]**

Plaintiff seeks to modify the deadline to amend the pleadings set by the Scheduling Order. [ECF No. 74]. Defendants oppose the relief requested, noting that Plaintiff participated in the Zoom scheduling conference and did not object to any of the Scheduling Order deadlines discussed at the hearing. [ECF Nos. 76; 77]. Defendants further note that Plaintiff has already availed himself of the opportunity to amend his pleading by filing the renewed motion for leave to file a second amended complaint [ECF No. 64] and any future need to amend the pleadings is speculative.

"'District courts have unquestionable authority to control their own dockets' and enjoy 'broad discretion in deciding how best to manage the cases before them.'" *Deegan v. Homestead Police Dep't*, 750 F. App'x 796, 799 (11th Cir. 2018) (quoting *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014)). "Once a scheduling order is set, a district court 'may' amend the order, but is under no obligation to do so." *Rowell v. Metro. Life Ins. Co.*, 579 F. App'x 805, 807 (11th Cir. 2014) (citing Fed. R. Civ. P. 16(b)(4)). "A district court's decision whether to modify a scheduling order to allow an amended pleading will be upheld on appeal absent abuse of discretion." *Virtus Pharms., LLC v. Woodfield Distribution, LLC*, No. 8:21-CV-2427-WFJ-SPF, 2023 WL 6048794, at *3 (M.D. Fla.

Apr. 25, 2023) (citing *Deegan*, 750 F. App'x at 799; *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1240 (11th Cir. 2009)).

Here, Plaintiff's motion to modify the Scheduling Order is superfluous. Plaintiff has already filed a motion for leave to file a revised SAC [ECF No. 64] which, for the reasons discussed above, the Undersigned will **grant**. Thus, there is no *present* need to extend the deadline to amend the pleadings. To the extent Plaintiff argues that there is some *future*, yet-unknown need to amend his pleading which may (or may not) arise, that argument is speculative and is not good grounds for granting the motion. Accordingly, the Undersigned **denies** Plaintiff's Motion to Modify the Scheduling Order [ECF No. 74].

## III.   Conclusion

For the reasons stated above, the Undersigned **respectfully recommends** that the District Court **deny** Defendants' motions for involuntary dismissal [ECF Nos. 58; 59] and Plaintiff's sanctions motion [ECF No. 67].

Additionally, and as discussed above, the Undersigned **grants** Plaintiff's motion for leave to file the revised SAC [ECF No. 64] and **denies** Plaintiff's request to modify the Scheduling Order [ECF No. 74].

By no later than **Monday, December 18, 2023**, Plaintiff is permitted to file the version (and *only* that version) of his proposed revised SAC [ECF No. 64-1] attached to his motion. Plaintiff will remove the words "Proposed" and "Exhibit" from page 1 and must sign and date page 25 of ECF No. 64-1. Any further deviation from these

instructions **will result** in a finding that Plaintiff has engaged in a deliberate and willful pattern of disobeying Orders.

The failure to timely file the proposed revised SAC [ECF No. 64-1] **or** the filing of a second amended complaint which is different from the proposed revised SAC [ECF No. 64-1] attached to Plaintiff's motion will result in a Report and Recommendations recommending that Plaintiff's action be involuntarily dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to follow the Court's Orders.

Defendants' responses will be due by the deadline set and in accordance with Federal Rule of Civil Procedure 12.

## IV. Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations/Order within which to file written objections **to the portions of this document addressing Defendants' motions for involuntary dismissal [ECF Nos. 58; 59] and Plaintiff's sanctions motion [ECF No. 67]**, if any, with the United States District Judge. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of

justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on December 4, 2023.

_____

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
Eliezer Taveras, *pro se*
All Counsel of Record