# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE No. 1:22-CV-23745-RNS

ELIEZER TAVERAS,

    *Plaintiff*

    *Vs*

FLORIDA DEPARTMENT OF
TRANSPORTATION;
JARED W. PERDUE, IN HIS OFFICIAL
CAPACITY AS SECRETARY OF THE
FLORIDA DEPARTMENT OF
TRANSPORTATION;
ALPINE TOWING, INC.;
LARRY J. SARAVIA, IN HIS OFFICIAL
CAPACITY AS PRESIDENT OF ALPINE
TOWING, INC.;

    *Defendants*

_____/



FILED BY____MC____D.C.

DEC 11 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## SECOND AMENDED COMPLAINT
## FOR VIOLATION OF CIVIL RIGHTS
## AND DEMAND FOR JURY TRIAL

Plaintiff, Eliezer Taveras, pro se, hereby files the foregoing Second

Amended Complaint against Defendants, the Florida Department Of

Transportation; Jared W. Perdue, In His Official Capacity As Secretary Of The

Florida Department Of Transportation; Alpine Towing, Inc.; And Larry J. Saravia,

1

In His Official Capacity As President Of Alpine Towing, Inc., and further states:

## PRELIMINARY STATEMENT

1.      Plaintiff, Eliezer Taveras, brings this action under 42 U.S. Code 1983, the Fourth and Fourteenth Amendments of the United States Constitution, seeking declaratory and injunctive relief, restitution, and damages for violation of his rights; and under the Fair Debt Collection Practice Act 15 U.S.C. 1692 Et Seq.

2.      All facts giving rise to this action happened in Miami-Dade, Florida.

3.      Plaintiff has standing to bring this complaint and sues timely.

4.      All conditions precedent to the filing and maintenance of this action have been performed, excused, or waived.

5.      The Due Process Clause of the Fourteenth Amendment states: "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, s 1.

6.      The Fourth Amendment protects the "full enjoyment of the rights of personal security, personal liberty, and private property" by prohibiting unreasonable searches and seizures. In particular, the Fourth Amendment provides that warrants must be supported by probable cause and that the person to be seized, the place to be searched, and the evidence to be sought are specified in the warrant. U.S. Const. amend. IV.

## ABOUT THE PARTIES

7.  At all times relevant, Plaintiff, Eliezer Taveras, was a citizen of the United States and the State of Florida.

8.  Defendant, the Florida Department of Transportation (the "FDOT"); is an executive agency of the State of Florida having the powers and duties set forth in Section 334.044, Florida Statutes, and is authorized to sue or be sued in its own name. The FDOT maintains its headquarters in Tallahassee, Leon County, Florida.  SunPass is the FDOT Prepaid Toll Program.

9.  At all times relevant Defendant, Jared W. Perdue, is been the Secretary of the FDOT. Mr. Perdue directs, administers, coordinates, and delegates the statutory duties of the FDOT.

10. Defendant, Alpine Towing, Inc., ("Alpine"), is a Florida Corporation in good standing, which operates a towing company and tow and storage yard at 3500 NW 67 Street, Miami, FL 33147 (the "Towing Yard"). Alpine is not a law enforcement agency with independent authority to enforce the law; however, it is authorized to tow vehicles parked on private properties under Fla. Stat. § 715.07, and Miami-Dade County Ordinance, Article III.

11. The individual defendant, Larry J. Saravia is the corporate president of Alpine who ran the day-to-day operations of Alpine for the relevant time period.

3

## JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this is a Civil Rights Claim Under Section 1983; and pursuant to 28 U.S.C. § 1367, which gives the district courts supplemental jurisdiction over state law claims.

13. On information and belief, all acts or omissions giving rise to this dispute took place in Dade County Florida.

14. Venue is appropriate in this judicial district under 28 U.S. Code § 89(c) as the events that gave rise to this Complaint occurred in this District.

## PROVISIONS

15. Failure to pay a prescribed toll is a noncriminal traffic infraction, punishable as a moving violation of Section 316.1001, Florida Statutes.

16. Florida Statute, Chapter 318 encompasses the Disposition of Traffic Infractions, including toll violations, and provisions for towing and retention of vehicles by law enforcement units.

17. Florida Stat. 338.01 (8) gives the FDOT authority to "pursue the collection of unpaid tolls and associated fees and other amounts to which it is entitled by contracting with a private attorney who is a member in good standing with The Florida Bar or a collection agent who is registered and in good standing pursuant to chapter 559."

18. SunPass, its employees, agents, or authorized representatives, with

deliberate indifference to the consequences, established and maintained a policy, practice, or custom (the "SunPass Policy") to share to towing companies alleged toll debts of vehicle owners.

19. The FDOT and Jared Perdue know, or should have known that predatory towing companies like Defendant, Alpine, use this information, and through intimidation, threats, and lies, including posing as law enforcement or executing acts of the exclusive prerogative of law enforcement, impound vehicles, scares victims into paying often non-existent or questionable debts, to retain the vehicles for longer period to charge more fees.

20. The shared information works as a wanted or hold orders on vehicles with unpaid tolls.

21. The FDOT has not developed a meaningful post-deprivation hearing or judicial remedy for an owner of a seized vehicle in the situation when it is seized as described herewith.

22. The FDOT is scienter that predatory towing companies are using the alleged toll debt to defraud citizens by impounding and retaining their vehicles, but has not taken any preventative measures to stop this illegal practice, because it benefits from it.

23. At trial, Plaintiff will be able to demonstrate with evidence or testimony the unlawful conduct alleged herewith.

## **FACTS**

24.   At all times relevant, Plaintiff, Eliezer Taveras, was the owner of a Mazda CX9 (the "Vehicle").

25.   On May 19, 2022, the Vehicle displayed Florida license plate No. GMGX84 and the said license plate is in the name of Plaintiff, Eliezer Taveras.

26.   Said license plate was valid until 9/18/2022, exhibiting decal accordingly.

27.   SunPass is the FDOT Prepaid Toll Program.

28.   Plaintiff contracted with SunPass to participate in its electronic toll payment program (the "Agreement"), which allows tolls to be collected from a SunPass account through an electronic transponder.

29.   Pursuant to the Agreement, Plaintiff was required to maintain a prepaid balance, and, at the moment he passed through a lane accepting the electronic payment, SunPass would automatically deduct the required toll charge from his account balance.

30.   Accordingly, Plaintiff acquired a transponder to pay for tolls.

31.   The SunPass transponder was defective. The FDOT knew or should have known of a defect in the transponder, but failed to properly notify Plaintiff.

32.   The transponder defect and/or any other defect with the SunPass toll-by-plate system caused inaccurate charges to Plaintiff in three manners:

33.   When the Vehicle went through toll facilities, instead of applying the

transponder fees, SunPass applied the toll-by-plate fees, which is almost double what is charged.

34. Additionally, hundreds of toll-by-plate charges were inaccurately assessed by the FDOT's SunPass system when the Vehicle did not go through toll facilities.

35. Plaintiff was issued violations for failure to pay the toll fees.

36. As a result, Plaintiff is now being collected administrative charges, penalties, and fines in excess of what the individual toll would have cost.

37. To date, SunPass claims that Plaintiff owes over $4,000 (the "Debt"), constituted a combination of purported unpaid tolls and associated penalties.

38. The Debt is inaccurate.

39. Plaintiff requested the validation of the disputed debt. In response, SunPass mailed to Plaintiff only invoices showing dates and assessed tolls, without concrete evidence.

40. After identifying hundreds of charges that Plaintiff knew were inaccurate, Plaintiff contacted the SunPass customer service center (the "Customer Service") and disputed the Debt verbally over the phone.

41. In numerous instances, despite oral notification from Plaintiff disputing the accuracy or completeness of the alleged debt, SunPass continued to

characterize the Debt as owed by Plaintiff in its collection efforts. See Exhibit "1".

42.     Facing this situation, two times Plaintiff contacted Customer Service and asked SunPass to bring this issue to a Florida court for proper adjudication; however, SunPass refused.

## THE TOWING

43.     On May 19, 2022, Plaintiff properly parked the Vehicle right next to 10902 NW 83 St, Doral FL 33178.

44.     Around 9:30 PM Alpine towed the Vehicle to the Towing Yard.

45.     No personal notice was given to Plaintiff about improper parking or towing, neither a warning notice was placed in the Vehicle before towing nor was a parking ticket by a law enforcement officer.

46.     Plaintiff, his wife, and his son went to the Towing Yard and tried to retrieve the Vehicle, explaining to the receptionist that he had legal rights to park the vehicle in the place where it was towed, and tried to show her proper documentation.

47.     Another Alpine employee (the "Employee"), backed with other people, entered Alpine's reception area where Plaintiff, his wife, his son, and other people were standing, and told Plaintiff that the vehicle would be released because it had unpaid tolls. According to the Employee, the Vehicle would

not be released until Plaintiff had brought evidence of having paid the purported debt.

48.     Before impounding the Vehicle, Alpine, employees, agents, or authorized representatives had never been in contact with Plaintiff to discuss any of the described reasons to tow the Vehicle nor did it provide the proper documentation demonstrating the purported debt and Plaintiff's obligation to pay it.

49.     Plaintiff asked the Employee to release the Vehicle, arguing that the towing and impoundment of the Vehicle were illegal.

50.     Instead of negotiating the release of the Vehicle, the Employee, acting with rude behavior, gestural threats, and derogatory language, in a very aggressive and humiliating manner told Plaintiff that Alpine would not release it until Plaintiff had brought evidence of payment of the Debt.

51.     Plaintiff, feeling threatened by impending harmful contact and fearing for his life and that of his family, ran out to the street with his wife, and son and called 911. Accordingly, several police officers were dispatched and arrived at the Towing Yard.

52.     After getting a statement of what happed from Plaintiff, one of the police officers went into the Towing Yard to talk to Alpine employees. See Exhibit

"2", attached hereto and incorporated by reference.[1]

53. Only after the intervention of the police, the Employee agreed to release the Vehicle; nevertheless, she demanded payment of a $101.00 towing fee.

54. Against his will, but already very emotionally affected and wanting to get out of this unfortunate situation, Plaintiff paid the towing fee to get the Vehicle released.

55. Given the circumstances, since Plaintiff was under fear and had to enter the towing yard where the Vehicle was parked to take it outside, he did not inspect the Vehicle nor did he notice that it had suffered body and mechanical damages during transport and/or storage.

56. All acts or omissions of the employees, agents, or representatives of Alpine were performed within the course and scope of their respective employment and/or agency.

**CAUSES OF ACTION**

**COUNT I**
**UNDER 42 U.S.C. 1983**
**AGAINST ALPINE AND LARRY J SARAVIA**

57. Plaintiff reiterates and incorporates by reference paragraphs 1 through 56 as if stated fully in this cause, and further states:

---

[1] For unknown reasons, according to the descriptions in the police report, the police officer took a declaration from the receptionist, Vianique Lubren, despite the fact that Plaintiff had signaled the person who had refused to release the Vehicle. Plaintiff learned that the name of the Employee is Grace (or Greece) Pina.

58.    This is an action against defendants, Alpine Towing Inc., and Larry J. Saravia, pursuant to 42 U.S.C. 1983, for the deprivation of property without due process of law.

59.    At all times pertinent hereto, the conduct of Alpine Towing Inc., and Larry J. Saravia (hereinafter jointly "AL Defendants"), as well as that of their agents, employees, and/or servants, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

60.    Under the circumstances described by the Employee, the impoundment of a vehicle is traditionally the exclusive prerogative of the state.[2]

61.    Thus, AL Defendants acted under color of state law.

62.    Mr. Savaria is authorized by Fla. Stat. § 713.78(6) to sell a vehicle stored in Alpine's yard, including all unclaimed personal property not affixed to the vehicle, after 35 days if the vehicle is more than 3 years old, and the vehicle remains unclaimed, or for which reasonable charges for recovery, towing, or storing remain unpaid, and whatever is still owed for towing and storage becomes a lien. The Division of Motor Vehicles then allows him to block the

---

[2] Florida Statutes provide mandatory processes for the immobilization and impoundment of a motor vehicle. i.e. It is the exclusive prerogative of the state:

   a.    To impound and caused to be towed any motor vehicle parked in violation of the law.
   b.    To impound abandoned vehicles (as that term is defined by s. 705.101(3)), pursuant to Florida Statute 705.103(1).

Under Florida Stat. 316.1001(2)(a) a "toll enforcement officer" is the designee of a governmental entity – as that term is defined in s. 334.03 – **whose authority is to enforce the payment of tolls.**

owners from getting a tag until they pay the towing bill.

63. Therefore, the impoundment of the Vehicle would give AL Defendants an enormous opportunity to increase their revenue, either by charging extra storage fees or by selling the vehicle as stated above.

64. To accomplish their goal, AL Defendants, acting under color of state law, unreasonably seized the Vehicle, depriving Plaintiff of property, without due process of law, in contravention to Plaintiff´s civil rights guaranteed by the Fourth and Fourteenth Amendments of the U.S. Constitution.

65. There was not an extraordinary situation involving a government interest that demanded prompt action to impound the Vehicle.

66. Before impounding the Vehicle, AL Defendants did not provide Plaintiff with a prompt procedure for a hearing regarding any hold or impounding order.

67. The impoundment of the Vehicle was an unwanted intrusion into Plaintiff's peace and quiet.

68. Acting under color of law, AL Defendants deprived Plaintiff of property without due process of law in violation of Plaintiff's rights guaranteed by the Fourteenth Amendment of the United States Constitution.

69. AL Defendants impounded the Vehicle with the knowledge that the impoundment would result in a constitutional violation.

70.   AL Defendants unreasonably seized the Vehicle without the permission of Plaintiff and lacking a judicial warrant to search for or seize the Vehicle.

71.   AL Defendants lacked probable cause to prolong the seizure of the vehicle nor did the circumstances surrounding the seizure came within any exception to the warrant requirement.

72.   AL Defendants' conduct, unauthorized under the law, exceeded the power given to them and was without legal justification.

73.   AL Defendants unreasonably seized the vehicle, under color of law, in violation of Plaintiff's constitutional rights guaranteed by the Fourth Amendment of the United State Constitution.

74.   As a direct and proximate cause of AL Defendants and their employees, agents, or authorized representatives' acts or omissions Plaintiff has been damaged, and continues to be damaged, in the following ways: Towing fee; damages to his vehicle; fear, humiliation, distress, mental anguish, and other emotional and mental harm.

75.   Additionally, Plaintiff has suffered actual damages in the form of attorney and/or legal fees.

76.   In addition to actual damages, Plaintiff is entitled to damages for the constitutional violations as heretofore described, pursuant to the provisions of 42 U.S.C. § 1983.

WHEREFORE, Plaintiff seeks judgment in his favor and damages against AL Defendants in Count I, including:

a. Costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1983 for violation of the Fourteenth Amendment;

b. Costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1983 for violation of the Fourth Amendment;

c. Actual damages;

d. Statutory damages;

e. Punitive damages;

f. An order directing defendants, Alpine Towing Inc., and Larry J. Saravia to compensate Eliezer Taveras for the humiliation caused by AL Defendants' unlawful treatment in an amount to be determined at trial;

g. Such other relief as may be necessary, just, and proper.

## COUNT II
## VIOLATION OF THE FDCPA
## 15 U.S.C. 1692 ET SEQ.
## AGAINST ALPINE AND LARRY J SARAVIA

77. Plaintiff reiterates and incorporates by reference paragraphs 1 through 56 and 60 through 75 as if stated fully in this cause, and further states:

78. This is a cause of action against defendants Alpine Towing, Inc., and Larry J. Saravia (jointly "AL Defendants"), under the Fair Debt Collection Practice Act ("FDCPA") 15 U.S.C. 1692 et seq.

79. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), from whom Alpine sought to collect or enforce the payment of a

debt.

80.    At all times relevant AL Defendants are "debt collectors" within the meaning of FDCPA, 15 U.S.C. § 1692a(6), by engaging in the enforcement of other's security interests.

81.    Plaintiff, Eliezer Taveras, was the subject of collection efforts by AL Defendants through their employees, agents, and/or authorized agents concerning a debt, defined under the meaning and purview of the FDCPA.

82.    Plaintiff has never entered into an agreement or received any type of services from Alpine.

83.    Plaintiff is not legally obligated to pay AL Defendants or their customer(s) for a debt that AL Defendants attempted to collect or enforce; therefore, AL Defendants falsely represented that Plaintiff owes the Debt.

84.    AL Defendants attempted to collect on a debt without verifying its legitimacy. AL Defendants failed to perform reasonable verification of the Debt as required by 15 U.S. Code § 1692g.

85.    Without the prior consent of Plaintiff (the consumer), given directly to AL Defendants (the debt collector), or the express permission of a court of competent jurisdiction, AL Defendants communicated with Plaintiff in connection with the collection of debt at an unusual time and place and at a time and place that Defendants knew or should have known to be

inconvenient to Plaintiff, in violation of 15 U.S. Code § 1692c(a)(1).

86. At all times relevant, AL Defendants attempted to collect on a debt that AL Defendants knew had not been verified.

87. Using false, deceptive, and misleading representation or means in connection with the collection of a debt, AL Defendants represented that they were vouched for, bonded by, or affiliated with the state of Florida to enforce payment of unpaid tolls, in violation of 15 U.S. Code § 1692e(1), and (10). Further, Defendants seized the Vehicle, in connection with the debt, in violation of 15 U.S. Code § 1692e(4).

88. AL Defendants failed to provide Plaintiff with a written notice pursuant to 15 U.S.C. 1692g(a).

89. Before impounding the Vehicle, AL Defendants failed to provide Plaintiff with a notice of the creditor or a statement that the debt would be assumed to be valid if Plaintiff did not dispute the debt within thirty (30) days after receiving the notice, giving Plaintiff, the consumer, an opportunity to admit or dispute the debt, contrary to 15 U.S.C. 1692g(b).

90. In connection with the collection of a debt AL Defendants engaged in harassing, oppressive, and abusive conduct, in violation of 15 USC § 1692d(1), and (2).

91. AL Defendants' aforementioned actions were unfair and unconscionable,

16

contrary to 15 U.S. Code § 1692f.

92. Before impounding the Vehicle, AL Defendants failed to bring the intended action to a court of legal competency in the judicial district or similar legal entity, as required by 15 U.S. Code § 1692i.

93. AL Defendants, their employees, agents, or authorized representatives, with deliberate indifference to the consequences, willfully, intentionally, recklessly, and negligently involved in the aforementioned conduct, in violation of the FDCPA.

94. The foregoing acts and omissions of AL Defendants and its employees, agents, and/or authorized representatives constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S. Code § 1692c, § 1692d § 1692e, § 1692f, § 1692g, and § 1692i.

95.  As a result of the above violations of the FDCPA, Plaintiff suffered, during and after the event at issue, damages as will be demonstrated at trial, fear, humiliation, distress, mental anguish, and other emotional and mental harm.

96. Under 15 U.S. Code § 1692k Plaintiff is entitled to recovery for actual damages, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff seeks judgment in his favor and damages against Defendants in Count II, including:

a. Actual damages;

b. Statutory damages;

c. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, the FDCPA, and the FCRA, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten gains;

d. Costs and reasonable attorney's fees pursuant to 15 U.S. Code § 1692c, § 1692d § 1692e, § 1692f, § 1692g, and § 1692i;

e. An order directing Alpine Towing Inc., and Larry J. Saravia to compensate Eliezer Taveras for the humiliation caused by Defendants' unlawful treatment in an amount to be determined at trial;

f. Such other relief as may be necessary, just, and proper.

## COUNT III
## DECLARATORY RELIEF
## UNDER 28 U.S.C. §§ 2201-2202
## AGAINST THE FDOT

97.  Plaintiff reiterates and incorporates by reference paragraphs 1 through 56 and 60 through 75 as if stated fully in this cause, and further states:

98.  This is a cause of action against the FDOT, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

99.  This Court has the authority to order the declaratory relief sought here.

100.  Plaintiff is in doubt as to whether he owes the Debt.

101.  The right of Plaintiff to enjoy the Vehicle was stymied by the purported debt without due process.

102.   There is a bona fide need for a declaration that as of the day of filing of this lawsuit, Plaintiff does not owe the Debt.

103.   The adverse legal interests of the parties are of sufficient immediacy and materiality to warrant a declaratory judgment.

   **WHEREFORE**, Plaintiff requests a declaratory judgment on Count III, declaring that the Debt is null, void, and unenforceable, and such other relief as may be necessary, just, and proper.

**COUNT IV**
**INJUNCTIVE RELIEF**
**AGAINST ALL DEFENDANTS**
**42 U.S.C. 1983**

104.   Plaintiff reiterates and incorporates by reference paragraphs 1 through 56 and 60 through 75 as if stated fully in this cause, and further states:

105.   This is a cause of action against all Defendants, pursuant to 42 USC 1983, seeking injunctive relief.

106.   Defendants, acting singly and in concert with each other, as a direct cause of the SunPass Policy, caused, and will in the future continue to cause injuries to Plaintiff in the absence of injunctive relief.

107.   Defendants, acting under color of law, singly and in concert with each other, unreasonably seized or caused the unreasonable seizure of the Vehicle, in violation of Plaintiff's constitutional rights guaranteed by the Fourth Amendment of the United State Constitution.

108. These constitutional violations are directly and proximately caused by policies practices and/or customs of the Defendants FDOT and Alpine, as set forth in this Complaint.

109. Injunctive relief is necessary to prevent any future immediate and irreparable harm that cannot be adequately compensated by damages.

110. There is no adequate legal remedy for persons deprived of their property and who have been wrongfully stranded due to unlawful application and enforcement of the SunPass Policy.

111. More harm will result if an injunction is not immediately granted because, until the final resolution of this matter, SunPass and Alpine will continue engaging in this unlawful and egregious conduct, causing Plaintiff extreme and irreparable harm.

112. There is a need for preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of injury during the pendency of this action and to preserve the possibility of effective final relief; including, but not limited to, temporary and preliminary injunctions.

113. An injunction will protect both the constitutional rights of Plaintiff and the public interest in their law enforcement.

114. Both, the FDOT's and Alpine's conduct affects thousands of people. The public interest of protection from deprivation of property without due

process of law, and unreasonable searches and seizures is guaranteed by both, Florida and the United States Constitution. Therefore, under such egregious conduct by these Defendants, granting the relief sought will foster and protect the public interest.

115.   A balancing of the equities favors granting injunctive relief. Denial of the relief sought will cause far greater harm to Plaintiff than the granting of the relief will cause Defendants.

**WHEREFORE**, Plaintiff requests relief in Count IV as follows:

a.  Injunctive relief on Count III, enjoining and restraining Defendants and their respective directors, employees, heirs, agents, successors in interest, assignees, representatives, and those persons in active concert or participation with them, from implementing the SunPass Policy against Plaintiff in relation to the Debt, including placing and enforcing a registration stop in the Vehicle or any other vehicle owned by Plaintiff, impounding or seizing the Vehicle, until the policies, practices, and procedures of this conduct comply with all constitutional requirements.

b.  Preliminary, injunctive, and ancillary relief as might be necessary to avert the likelihood of injury during the pendency of this action and to preserve the possibility of effective final relief; including, but not limited to, temporary and preliminary injunctions.

c.  Such other relief as may be necessary, just, and proper.

**COUNT V**
**UNDER 42 U.S.C. 1983**
**For Violation of Title 18, U.S.C., Section 241**
**AGAINST ALL DEFENDANTS**

116.   Plaintiff reiterates and incorporates by reference paragraphs 1 through 56 as if stated fully in this cause, and further states:

117.   This is a cause of action pursuant to 42 U.S.C. 1983 against all Defendants, for violation of Title 18, U.S.C., Section 241.

118.   Title 18 U.S.C. § 241 makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory, or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States, (or because of his/her having exercised the same).

119.   Plaintiff has a constitutional right to due process, secured by the Fourteenth Amendment to the U.S. Constitution.

120.   Acting under color of law, Defendants conspired – by word or conduct – to oppress, threaten, and intimidate Plaintiff in the free exercise or enjoyment of his constitutional right to due process.

121.   As a direct and proximate cause of Defendants' conspiracy, and conduct in violation of Plaintiff's Civil Rights, Plaintiff suffered, during and after the event at issue, damages to his vehicle, fear, humiliation, distress, mental anguish, and other emotional and mental harm.

**WHEREFORE**, Plaintiff seeks judgment in his favor and damages against all Defendants in Count V, including:

a. Costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1983 for violation of Title 18, U.S.C., Section 241;

b. Actual damages;

c. Statutory damages;

d. Punitive damages;

e. Such other relief as may be necessary, just, and proper.

**COUNT VI**
**UNDER 42 U.S.C. 1983**
**For Violation of 18, U.S.C., Section 241**
**AGAINST ALL DEFENDANTS**

122. Plaintiff reiterates and incorporates by reference paragraphs 1 through 56 as if stated fully in this cause, and further states:

123. This is a cause of action pursuant to 42 U.S.C. 1983 against all Defendants, for violation of Title 18, U.S.C., Section 241 under color of state law.

124. Title 18, U.S.C., Section 241 makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory, or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States, (or because of his/her having exercised the same).

125. Under the Fifth Amendment to the U.S. Constitution Plaintiff has a right to acquire, use, and dispose of property.

126. In violation of 18 U.S.C. § 241 Defendants, acting under color of state law, conspired, by word or conduct, to injure, oppress, threaten, or intimidate

Plaintiff in the free exercise or enjoyment of his constitutional right to property.

127. As a direct and proximate cause of Defendants' conspiracy, and conduct in violation of Plaintiff's Civil Rights, Plaintiff suffered, during and after the event at issue, damages to his vehicle, fear, humiliation, distress, mental anguish, and other emotional and mental harm.

WHEREFORE, Plaintiff seeks judgment in his favor and damages against all Defendants in Count VI, including:

a. Costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1983 for violation of Title 18, U.S.C., Section 241;
b. Actual damages;
c. Statutory damages;
d. Punitive damages;
e. Such other relief as may be necessary, just, and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues triable by jury.

**CERTIFICATION**

As required by Federal Rule of Civil Procedure 11, I certify by signing below that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing

law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully submitted this_____ 12 _____ OF _____ December, 2023

Eliezer Taveras
Etaveras2020@gmail.com
10902 NW 83 St Ap 223
Doral, FL 33178
Phone: 305-515-4840



ELIEZER TAVERAS
(305) 615-4840
APT 223
16902 NW 83 ST
MIAMI FL 33178

1 LBS     1 OF 1
SHP WT: 1 LBS
DATE: 11 DEC 2023

SHIP
TO: WILKIE D FERGUSON JR U.S. COURTHOUSE
US DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
400 N MIAMI AVE

MIAMI FL 33128-1801

FL 330 6-03

UPS GROUND
TRACKING #: 1Z 546 R32 03 5465 9370

BILLING: P/P