United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Eliezer Taveras, Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 22-23745 -Civ-Scola |
| Florida Department of | ) | |
| Transportation and others, | ) | |
| Defendants. | ) | |

### Order on Magistrate Judge's Report and Recommendations

This case has been referred to United States Magistrate Judge Jonathan Goodman for all pretrial matters. (ECF No. 34.) Judge Goodman has issued a report (Rep. & Recs., ECF No. 103), recommending that the Court grant in part and deny in part Defendants Florida Department of Transportation, Jared Perdue, Larry J. Saravia, and Alpine Towing, Inc.'s joint motion to dismiss (ECF No. 88). The Defendants and Plaintiff Eliezer Taveras have all filed objections. (Defs.' Objs., ECF No. 109; Pl.'s Objs., ECF No. 112.) After a careful, de novo review, the Court adopts the report's recommendation that the complaint be dismissed, modifying only (1) the reason for dismissing count three and (2) that aspect of the report that recommends affording Taveras one more attempt to replead his case. Accordingly, the Court largely **adopts** Judge Goodman's report and recommendations (**ECF No. 103**), thus **granting in large part** the Defendants' joint motion to dismiss (**ECF No. 88**) and **overruling** both sides' objections (**ECF Nos. 109, 112**), as more fully explained below.

In his second amended complaint (2nd Am. Compl. ("Compl." or "complaint"), ECF No. 85), Taveras seeks monetary damages as well as injunctive and declaratory relief from the Defendants, stemming from, in broad strokes, Alpine's towing of Taveras's car which is intertwined with issues related to allegedly improper toll-road charges imposed by FDOT through Florida's SunPass program. Associated with those allegations, Taveras sets forth six counts in his complaint: four 42 U.S.C. § 1983 claims (count one against Alpine and Saravia only; and counts four through six against all four Defendants); a claim alleging Alpine and Saravia violated the Fair Debt Collection Practices Act (count two); and a claim for declaratory relief against FDOT (count three). After careful analysis, Judge Goodman recommends granting the Defendants' motion to dismiss as to all six counts of Taveras's complaint. At the same time, Judge Goodman also recommends that the Court

afford Taveras one more chance to amend his complaint. (Rep. & Recs. at 43–44.)

Both parties have filed objections to the report. While the Defendants "wholeheartedly agree with the recommendation that Plaintiff's [complaint] be dismissed in its entirety," they complain that it should be dismissed *with* prejudice, rather than without, as Judge Goodman recommends. In support, the Defendants point to undue prejudice and the futility of any amendment. Taveras, on the other hand, quarrels with several of Judge Goodman's conclusions while at the same time acknowledging that, through additional allegations, he could shore up his claims in response to the various deficiencies identified in the report. Notably, however, Taveras neglects to specify what those new factual allegations would actually be. Despite neither party's identifying any actual legal or factual error, the Court has nonetheless undertaken a through de novo review of the entirety of Judge Goodman's report and recommendations. After that review, the Court adopts the report's ultimate recommendation to dismiss all six counts but, as to count three, for a slightly different reason. Further, as mentioned, the Court declines to adopt Judge Goodman's recommendation that Taveras be afforded yet another opportunity to amend his complaint.

To start, the Court agrees that all of Taveras's § 1983 claims fail. First, as the report points out, the claims against Perdue are lodged against him in his official capacity as FDOT secretary. The Court agrees that such claims are redundant because Taveras has asserted the same claims against FDOT itself. *See Higdon v. Tusan*, 746 F. App'x 805, 814 (11th Cir. 2018) (unpublished) ("[O]fficers sued in their official capacity should be dismissed, as keeping suits against both the municipality and the officers plainly would be redundant."). Next, the Court concurs that Taveras's § 1983 claims against Alpine and Saravia also fail because the complaint is devoid of factual allegations that either of these non-governmental defendants acted under color of state law. (*See* Rep. & Recs. at 15–21.)

Nor can Taveras's remaining § 1983 claims, against FDOT, survive dismissal. As the report explains, any claims seeking monetary damages against FDOT are barred by Eleventh Amendment immunity. (*Id.* at 11–13.) Further, to the extent Taveras seeks injunctive relief against FDOT, through § 1983, he fails to state a claim. Part of the deficiency of these claims arises from Taveras's improper attempt to premise his § 1983 claims on an alleged violation of a criminal statute—18 U.S.C. § 241. Under this provision, "Conspiracy against rights," there is no private right of action and, as a criminal statute, it "cannot be the basis of a civil lawsuit." *Albertini v. San Diego Cnty. Sheriff's Dept.*, No. 324CV00284JESSBC, 2024 WL 1078244, at *3 (S.D.

Cal. Mar. 12, 2024). Additionally, to the extent Taveras seeks to establish that FDOT violated his due-process rights, his allegations, as the report details, are purely conclusory and lacking factual support. (*See* Rep. & Recs. at 27–29.) For the foregoing reasons then, counts one, four, five, and six are dismissed.

The Court also agrees with Judge Goodman that count two, Taveras's FDCPA claim against Alpine and Saravia, fails because the complaint contains no facts plausibly showing that either Alpine or Saravia are debt collectors under the FDCPA.

And as to the remaining count—Taveras's claim against FDOT for a declaration that he does not owe FDOT any debt (count three)—the Court makes a slight modification to Judge Goodman's report. Judge Goodman recommends dismissing this claim because Taveras failed to address the Defendants' jurisdictional arguments. But because the Court dismisses all of Taveras's federal claims and count three amounts to nothing more than a state-law claim disputing a debt, arising between two Florida citizens (Compl. ¶¶ 7, 8), the Court declines to exercise supplemental jurisdiction over it. *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law."); *Raney v. Allstate Ins. Co.,* 370 F.3d 1086, 1089 (11th Cir.2004) ("encourag[ing] district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial").

Next, the Court modifies that part of the report that recommends affording Taveras yet one more chance to amend his complaint. Instead, upon a de novo review of the record, the Court exercises its discretion to dismiss Taveras's complaint without leave to amend despite his pro se status. Notably, Taveras has attempted to amend his complaint six times, three of which were disallowed or stricken as improper or unauthorized. Under review now is Taveras's third authorized attempt to properly plead his case. As a starting point then, an additional unprompted opportunity to amend, even if it appears Taveras could possibly state a claim, is not required. *See Carter v. HSBC Mortg. Services, Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015) (unpublished) (recognizing that, when it appears a more carefully drafted complaint "might state a claim," a district court must afford a pro se plaintiff "at least *one* chance to amend the complaint" before it is dismissed with prejudice) (emphasis added).

Moreover, even if Taveras hadn't already been afforded multiple opportunities to amend, there is nothing to indicate that, at this stage, "a more carefully drafted complaint might state a claim." *Id.* Until the filing of his objections, Taveras chose to stand on his pleadings in the face of the Defendants' motion to dismiss, never once proactively seeking to address the

identified deficiencies. And while, in his objections, he appears to finally acknowledge some shortcomings in his second amended complaint, he provides no concrete information about any facts he could supply that would result in a single viable claim against these Defendants. Instead, he simply refers, in purely conclusory fashion, to generalized "amendments" or "additional detailed allegations" that he says would address the Court's concerns. (*See, e.g.*, Pl.'s Objs. at 3, 4, 6, 7, 8, 10.) In sum, even when prompted, Taveras wholly fails to identify any specific facts that might actually salvage any of his claims, indicating that further amendment would be entirely futile.

Furthermore, even if Taveras's objections could be construed as affirmatively seeking amendment, the request is wholly improper. First, the Eleventh Circuit has roundly "rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend." *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) (unpublished). Second, it is improper to seek leave to amend by making vague references to a hypothetical amended pleading in objections to a report and recommendation. *Cf. Newton v. Duke Energy Florida, LLC,* 895 F.3d 1270, 1277 (11th Cir. 2018) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."); *Avena*, 740 F. App'x at 683 (noting that "a motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment") (cleaned up). Further, the deadline for amending the pleadings has long since passed so any request for leave to amend would be untimely as well.

And, even if Taveras had properly sought amendment, denial would be unwarranted not only based on undue delay and futility (as set forth above), but also based on undue prejudice. In his objections, Taveras reveals that, if afforded the opportunity to amend, his intention would be to expand his case by adding claims for conversion, unjust enrichment, violations of consumer protection laws, and intentional infliction of emotional distress. (Pl.'s Objs. at 9.) This proliferation of claims would exponentially increase the burden on the parties defending this case, amounting to undue prejudice. *See Carter* 622 F. App'x at 786 ("Prejudice is likely to exist if the amendments involve new theories of recovery or would require further discovery."). This too militates against further amendment.

Lastly, the Court notes that not all of Taveras's claims are dismissed with prejudice, as some of his claims were not dismissed on their merits. *White v. Lemma*, 947 F.3d 1373, 1377 (11th Cir. 2020) ("[A] dismissal under Federal Rule of Civil Procedure 12(b)(6) . . . is on the merits and with prejudice.") Indeed, the only claims the Court dismisses with prejudice are those that are

dismissed for a failure to state a claim: (1) the FDCPA claims against Alpine and Saravia (count two); (2) the § 1983 claims against Alpine and Saravia (count one and within counts four through six); and (3) the § 1983 claims against FDOT seeking injunctive relief (count four and to the extent injunctive relief is sought in counts five and six). None of Taveras's other claims are dismissed on their merits and are therefore dismissed without prejudice. *See, e.g.*, *Dupree v. Owens*, 92 F.4th 999, 1007 (11th Cir. 2024) ("Dismissals for a lack of jurisdiction are not judgments on the merits and are to be entered without prejudice."). Accordingly, the Court overrules that part of the Defendants' objections insisting that the entirety of the dismissal of Taveras's case should be with prejudice. And, to the extent the Defendants argue Taveras should not be allowed further amendment, the point is moot, based on the Court's findings as set forth above.

In sum then, the Court largely **adopts** Judge Goodman's report and recommendations (**ECF No. 103**), modifying it only to a limited extent, thus **granting in large part** the Defendants' joint motion to dismiss (**ECF No. 88**), **overruling** both the Defendants and Taveras' objections (**ECF Nos. 109, 112**) and **closing this case**. All other pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on July 11, 2024.

Robert N. Scola, Jr.
United States District Judge