United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Eliezer Taveras, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-23745 -Civ-Scola |
| | ) | |
| Florida Department of | ) | |
| Transportation and others, | ) | |
| Defendants. | ) | |

## Order Denying Motion for Reconsideration

Plaintiff Eliezer Taveras, proceeding pro se, complains that his car was wrongfully towed and that improper toll-road charges were imposed against him. His complaint sets forth six counts against, variously, Defendants Alpine Towing, Inc.; Alpine Towing's president, Larry Saravia; Florida Department of Transportation; and FDOT's secretary, Jared Perdue: four 42 U.S.C. § 1983 claims (count one against Alpine and Saravia only; and counts four through six against all four Defendants); a claim alleging Alpine and Saravia violated the Fair Debt Collection Practices Act (count two); and a claim for declaratory relief against FDOT (count three). (2nd Am. Compl. ("Compl." or "complaint"), ECF No. 85.) Previously, the Court adopted, in large part, United States Magistrate Judge Jonathan Goodman's report and recommendations that Taveras's claims should all be dismissed for various reasons (Order, ECF No. 124) and thereafter entered judgment in favor of the Defendants (Judgment, ECF No. 125). At the same time, the Court denied Taveras's request to file a third amended complaint. (Order at 4–5.) Taveras now asks the Court to reconsider its order dismissing his complaint and denying him leave to amend, based on several factors: what he describes as the Defendants' misconduct and misrepresentations; various mistakes he says the Court made; new evidence; and to prevent manifest injustice. (Pl.'s Mot., ECF No. 216.) The Defendants have jointly responded in opposition (Defs.' Resp., ECF No. 129) and Taveras has timely replied (Pl.'s Reply, ECF No. 130). After review, the Court **denies** Taveras's motion. (**ECF No. 126**.)

"[I]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561,

1563 (S.D. Fla. 1992) (Hoeveler, J.). A party may seek relief from a final judgment on a motion for reconsideration for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Such issues, though, "rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc.*, 808 F. Supp. at 1563. Certainly, if any of these situations arise, a court has broad discretion to reconsider a previously issued order. Absent any of these conditions, as here, however, a motion to reconsider is not ordinarily warranted.

Here, Taveras points to sections (1), (2), (3), and (6) as supporting reconsideration. As to section (1), he complains the Court failed to appreciate FDOT's true relationship to the SunPass program and the import of the Defendants' various misrepresentations, leading the Court to misinterpret the law and misunderstand the facts. (Pl.'s Mot. at 12–13.) As to section (2), Taveras says that new declarations submitted from his son, wife, and himself clearly establish the merits of his case and that Saravia's declaration, dated June 2024, constitutes newly discovered perjury. (*Id.* at 14.) As to section (3), he complains the Defendants misrepresented various facts which, among other things, improperly induced him to amend his complaint in such a way that the Court dismissed it. (*Id.* at 4–12.) Also, under section (3), Taveras maintains that his recent discovery of Saravia's alleged perjury is further grounds for vacating the dismissal of his claims. (*Id.* at 13–14.) Finally, Taveras repackages all his grievances and says they, together, also justify reconsideration under section (6). (*Id.* at 14–16.) The Court is not persuaded.

As an initial matter, Taveras fails to tether many of these allegations to the specific claims in his complaint or the grounds upon which the Court dismissed them. For example, Taveras fails to explain how FDOT and Perdue's purportedly misleading or even false discovery responses implicate the Court's conclusion that FDOT is shielded from monetary liability based on Eleventh Amendment immunity or that Perdue, sued in his official capacity, should be

dismissed from this case as duplicative to FDOT. Similarly, aside from his vague reference to the Defendants' inducing him to "remov[e] critical allegations" from his complaint, Taveras does not actually link any of FDOT or Perdue's purported misrepresentations to his claims for injunctive relief against FDOT; nor does he specify how, absent the alleged misrepresentations, he might have otherwise stated a claim for relief under § 1983 against FDOT. In particular, Taveras fails to get around the Court's finding that Taveras cannot premise his § 1983 claims (against any of the Defendants) on 18 U.S.C. § 241, a criminal statute, under which there is no private right of action. In addition, Taveras neglects to link any of the Defendants' alleged misrepresentations to the Court's conclusion that his complaint fails to set forth facts showing that either Alpine Towing or Saravia were acting under color of state law or that either of them was a debt collector as defined under the Fair Debt Collection Practices Act.

Furthermore, in order to support reconsideration on the grounds of newly discovered evidence or theories, Taveras must establish that the "new" grounds and evidence were not available to him previously. Since he has not done so, it is wholly improper for him to rely on that evidence or those arguments now. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence *that could have been raised prior to the entry of judgment. This prohibition includes new arguments that were previously available, but not pressed.*") (cleaned up) (emphasis added).

Finally, Taveras's motion falls far short of establishing the extraordinary circumstances required under section (6) to support reconsideration. Instead, he simply rehashes the issues he raises under sections (1), (2), and (3) and which the Court has already rejected. As such he fails to otherwise "demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1294 (11th Cir. 2013) (requiring that a movant "demonstrate a justification so compelling that the district court was required to vacate its order").

In sum, for the reasons set forth above, the Court **denies** Taveras's motion for reconsideration (**ECF No. 126**).

**Done and ordered** in Miami, Florida, on February 7, 2025.

Robert N. Scola, Jr.
United States District Judge